Thompson vs. Thompson.

THOMPSON VS. THOMPSON.

*October 1 — October 18, 1881.*

DIVORCE *for five years' voluntary separation.*

1. To establish a ground for divorce under subd. 7, sec. 2356, R. S., the parties must not only have lived entirely separate for the five years next preceding the action, but the separation during that period must have been mutually voluntary; although it is not necessary to show that the parties during that period intended that the separation should be *final*, or for life.

2. The evidence in this case held to show such a continuance to live separately for five years, by consent of both parties, as the statute requires.

APPEAL from the Circuit Court for *Milwaukee* County. Action by *James P. Thompson* against *Eleanor A. Thompson*, commenced in April, 1880, for a divorce from the bonds of matrimony under the 7th clause of sec. 2356, R. S. The complaint alleges, among other things, that about the 1st of July, 1874, the parties agreed to separate, and that, for more than five years next preceding the action, they had voluntarily lived entirely separate. The answer denies that defendant ever agreed with plaintiff to separate from plaintiff, or that, since their marriage, she has ever voluntarily lived separate from him; and alleges that plaintiff had wilfully abandoned her over four years before the commencement of the action.

The evidence is sufficiently stated in the opinion. The court found the facts as alleged in the complaint, and rendered judgment dissolving the marriage, etc.; from which judgment the defendant appealed.

*David S. Ordway,* of counsel for the appellant, contended, 1. That the voluntary living apart, for five years, which our statute makes a ground of divorce, must be voluntary on the part of both parties, must continue voluntary on the part of both for the full period, and must be such as to entitle either party to the divorce; and that either party is as fully at liberty to repent and ask to return, at any time before the statutory period has elapsed, as is a deserter. *Kestler v. Kestler,* 31 N. J. Eq., 198; 1 Bishop on M. & D. (6th ed.), § 786. In *desertion,* on the contrary, the separation is voluntary on the one side and involuntary on the other. Counsel criticised the decision in *Phillips v. Phillips,* 22 Wis., 256, on the ground that the evidence as there recited showed that the separation was voluntary on the part of the husband, but did not show that it was voluntary on the part of the plaintiff wife, and that therefore, while she was entitled to a divorce as for desertion, she did not appear entitled to a divorce under that provision of the statute, invoked in that case as in this, which relates only to a mutually voluntary separation.[1]  A wilful desertion,

---

[1] The case of *Phillips v. Phillips,* 22 Wis., 256, having been perhaps too briefly reported, it seems proper to state here that the plaintiff wife in that case not only alleged in her complaint that she and the defendant had "voluntarily lived entirely separate" during the statutory period, but also testified to the same fact. She also said in her testimony: "I have not for over five years intended to live with him;" and there was some testimony on the part of other witnesses to confirm this statement, and nothing to contradict it. The circuit court found as a fact in that case, that the parties had *not* voluntarily lived entirely separate during the statutory period, and denied the divorce. The plaintiff appealed; there was no argument in this court for the defendant; and the plaintiff's counsel and the court proceeded upon the assumption that the only ground upon which the circuit court rendered its decision was, that there was no sufficient proof that the separation was voluntary on the defendant's part. The opinion of the present chief justice in that case recites briefly

however long continued, cannot ripen into voluntary separation so as to entitle either party to a divorce on the latter ground. When such a desertion has once continued a year under our statute, a divorce may be had at once by the party deserted; and no subsequent offer to return will avail the deserter, but the other party may rely upon the acquired right, and refuse to renew the cohabitation. 1 Bishop, § 810; *Benkert v. Benkert*, 32 Cal., 471; *Hardin v. Hardin*, 17 Ala., 252–5. Counsel further argued that if the living " entirely separate " involves a separation both from bed and board — an entire breaking up of the family relation,— as was held in *Southwick v. Southwick*, 97 Mass., 327, then it was clear from the evidence that there was no such separation between these parties until the fall of 1876.

The cause was submitted for the respondent on the brief of *Williams & Elliott.* They contended that the evidence was sufficient to show a separation for the five years, voluntary on the part of both parties; but that, under the doctrine of *Phillips v. Phillips*, it would have been sufficient to show a separation for that period which was voluntary on the part of one of the parties only.

ORTON, J. The only question in this case is one of fact: whether the parties, as husband and wife, had "voluntarily lived entirely separate for the space of five years immediately preceding the commencement of the action." There are two requirements in this cause of divorce: *first*, that the parties should live entirely separate for five years; *second*, that such separation should be mutually voluntary. There is no question raised as to the proof of the first requirement; but as to the second, it is insisted that the proof shows that her living

the testimony which tended to show a voluntary separation on the part of the husband, and characterizes this as " the material part of the testimony,"— meaning only that it was the part material to the determination of that question. The head-notes in that case state correctly the points decided.— REP.

separate from her husband was not *voluntary* on the part of the wife. This cause of divorce does not require proof that the parties intended that such separation should be final or for life, but only that for the five years immediately preceding the commencement of the action it should be voluntary on the part of both. For the purpose of ascertaining whether the separation was voluntary for the whole time, it is important to consider the circumstances of its commencement, and what took place at that time. The wife was keeping a boarding-house, and the husband was boarding with her, paying her therefor, and both occupied the same room and bed. Two or three times before, the husband had left, and lived for several months each time separate from the wife. In the summer of 1874, the alleged beginning of the five years' separation, the husband again left the marriage bed and family room, and took a room with the wife's consent, agreeing to pay her rent therefor, in another part of the house. There does not seem to have been any particular cause for separation except incompatibility and want of affection.

The husband testified that when he expressed his intention to separate from her at this time, his wife said, "if I went, I could stay;" "If you go away, you can't return to these rooms again;" and that he said: "Very well, I will go." The wife, on her examination in chief, contradicted this evidence as to what she said, and testified that she objected to her husband leaving her rooms and bed, and that she tried to induce him to remain. But on her cross examination, after testifying in relation to a proposition made by her husband in 1876 to return to her rooms and bed, and her refusal, in answer to the question, "What object had you in view in refusing him to come back to these rooms, if it was not that you never intended to live with him again?" she said: "I had got tired of it, coming and going; and when he went away from me, he said he never was coming back again." In answer to the question, "You didn't propose to let him ever come back

Thompson vs. Thompson.

again?" she said: "It was so." "I could not have him back. My daughter was at home with me, and I had no room for him." In answer to the question, "Wasn't that your intention, after he had made the statement, that you did not propose to let him?" she said: "Well, I didn't let him, did I?" "He put himself in that place." In answer to the further question, "Isn't that the fact, that that was the object you had in view, and the reason why you would not let him come back after taking that room?" she said: "I don't know exactly what you mean. I did not let him come back after taking that room. I have never done anything to try to get him back." These very pertinent admissions of the wife, together with the fact that the husband, in 1876, proposed to resume his conjugal relations, and that she rejected the proposition in a manner clearly indicating a settled purpose on her part never to live with him again after he left her in 1874, very strongly confirm the testimony of the husband as to what was said and took place at the time of such separation, and is quite conclusive that such separation on her part was voluntary, and has so continued until this action was commenced.

Where the separation in the first place on the part of both the husband and the wife was clearly voluntary, and their continued separation for five years was without any evidence of any change of purpose, and under such circumstances as to evince an intention that it should so continue, although nothing was said to indicate such intention, a sufficient cause of divorce on this ground is made out; and such was the case of *Phillips v. Phillips*, 22 Wis., 256, and we see no ground for questioning the decision in that case. In that case, however, it may be remarked, there was sufficient ground for divorce by the wilful desertion of the husband for the term of one year and more before the commencement of the action.

*By the Court.*— The judgment of the circuit court is affirmed.