JAKUBKE, Respondent, vs. JAKUBKE, Appellant.

*September 15—October 3, 1905.*

*Divorce: Voluntary separation: Statutes: Construction: Cause of
action.*

1. To constitute voluntary separation under subd. 7, sec. 2356, Stats.
   1898 (providing for divorce where the parties "have volun-
   tarily lived entirely separate for the space of five years next
   preceding the commencement of the action"), it must appear
   that the separation was mutually voluntary.
2. Where the separation was, on the part of the wife, involuntary
   in its inception, and, in an action for divorce based on five
   years' voluntary separation, there was no showing that she
   had consented to the continuance of the separation, the plaint-
   iff's cause of action is left without any basis in fact, and a·
   judgment awarding plaintiff a divorce is erroneous.

APPEAL from an order of the circuit court for Milwaukee
county: ORREN T. WILLIAMS, Circuit Judge. *Reversed.*

This is an appeal from a judgment of divorce. Plaintiff
and defendant were duly married in the month of October,
1891. One child, who is now, and has been since 1895, in
the custody of his mother, is now living as the issue of this
marriage. In the month of January, 1895, plaintiff having
treated the defendant cruelly and inhumanly, about the 28th
of that month she was compelled to leave him and take her
two children, one of whom has since died, to the home of her
parents, where she has since resided. September 16, 1896,
plaintiff commenced an action for divorce on the ground of
desertion. Defendant answered, denying the desertion, and
alleging the cruel and inhuman treatment as the cause of her
living separate. The court found that the allegations of de-
sertion were not true, and that the cruel and inhuman treat-
ment of the defendant by the plaintiff was the cause of their
living separate, and judgment was awarded dismissing the
complaint and for costs to the defendant. On the 31st day

of August, 1901, plaintiff commenced action for divorce, on the ground that the parties had voluntarily lived separate and apart for the space of five years next preceding the commencement of the action. Defendant, answering, alleged that the cause of their living separate was due to plaintiff's cruel and inhuman treatment of her. October 24, 1902, on the cause being called for trial, plaintiff withdrew his complaint and submitted to a voluntary nonsuit. In September, 1903, the present action was brought, on the ground that the parties had voluntarily lived separate for the period of more than five years next preceding the commencement of the action. An amendment was added to the effect that the separation had been mutually voluntary. The defendant again answered, claiming that the cruel and inhuman treatment of her by the plaintiff caused her to leave him and to live separate. The former adjudication that plaintiff's cruel and inhuman treatment caused their separation and living apart was set up as a defense, and it was also alleged that nothing had occurred since the entry of that judgment changing the relation of the parties or causing a continuance of their separation. The court found that the parties had mutually voluntarily lived separate and apart for the period of five years next preceding the commencement of the action, and awarded judgment of divorce. This is an appeal from such judgment.

For the appellant there was a brief by *Fiebing & Killilea,* and oral argument by *H. J. Killilea.*

For the respondent the cause was submitted on the brief of *Kleist & Bender,* of counsel.

SIEBECKER, J. It is without dispute in this case that the plaintiff and defendant are husband and wife, and that they have lived entirely separate since January, 1895. This action was commenced by the husband in September, 1903, for a divorce from defendant upon the ground that plaintiff and defendant "have voluntarily lived entirely separate for the

space of five years next preceding the commencement of the action." Subd. 7, sec. 2356, Stats. 1898. Defendant excepts to the finding of the circuit court that she and her husband have lived voluntarily separate for this statutory period as not sustained by the evidence. To constitute a voluntary separation under the provisions of this statute it must appear that it was mutually voluntary by the parties. The evidence shows that defendant was compelled to leave plaintiff's home in January, 1895, for her protection and safety, on account of his cruel and inhuman treatment of her, and that, in an action commenced by him against her for a divorce in September, 1896, on the ground that she wilfully deserted him without just cause, it was found and adjudged that she had not deserted him, but that she was compelled to live separate from him on account of his cruel and inhuman treatment of her. The evidence is that from the time of such separation plaintiff has taken no steps to effect a reconciliation and to remove the estrangement consequent upon his conduct toward her, and that he has provided no means for the support of defendant and her son, who has lived with and been supported by defendant since their separation. The defendant has persistently asserted that since 1895 she has been compelled to live separate from plaintiff on account of his ill-treatment, and a refusal on his part since that time to live with and so treat her and to provide for her as to make it safe and appropriate for them to live and cohabit together as husband and wife. It is clear that nothing has occurred which shows that their separation is continued for any cause other than the one inferable from the facts and circumstances of its commencement. The testimony is devoid of all suggestion that the defendant lives voluntarily separate from plaintiff and admits of no other conclusion than that she remains separate from plaintiff by reason of the one enforced upon her by his cruel and inhuman treatment. The separation having, on the part of the wife, been involuntary in its inception, and nothing

appearing to show that she consented to a continuance thereof, the plaintiff's alleged cause of action is left without any basis ·in fact, and it must fail. *Cole v. Cole,* 27 Wis. 531; *Thompson v. Thompson,* 53 Wis. 153, 10 N. W. 166; *Williams v. Williams,* 122 Wis. 27, 99 N. W. 431.

*By the Court.*—Judgment reversed, and cause remanded with directions to enter judgment dismissing the complaint.