SANDERS, Respondent, vs. SANDERS, Appellant.

*April 20—May 8, 1908.*

*Divorce: Voluntary separation: Evidence: Sufficiency.*

1. To constitute voluntary separation of husband and wife a ground for divorce, it must appear that the separation was mutually voluntary at its inception and so continued throughout the statutory period.

2. In an action for divorce on the ground of voluntary separation for five years next preceding the commencement of such action, the evidence is *held* sufficient to sustain the finding that the separation was mutually voluntary

APPEAL from a judgment of the circuit court for Fond du Lac county: CHESTER A. FOWLER, Circuit Judge. *Affirmed.*

This is an action for divorce on the ground that the parties have voluntarily lived entirely separate for the space of five years next preceding the commencement of the action. The parties were married December 22, 1897. Plaintiff testified that she and the defendant had not lived together for more than five years, that he last visited her in January, 1901, and that they then agreed to live entirely separate. A number of his letters and several clippings from papers, "Woman kills herself to avoid divorce suit," and of like titles, which had been sent to the plaintiff by the defendant, were introduced in evidence. Plaintiff contended that these letters were sent to her by the defendant and were intended to annoy her, and that the expressions in them of the desire to resume marital relations were accompanied by other expressions calculated to antagonize and harass her and to prevent the resumption of such relations. Defendant denied that they had ever agreed to live separate, and testified that the letters were written to secure a reconciliation and a resumption of their marital relations, and that he had always desired and still desired to have the plaintiff live with him; that he had purchased a place for a home and had offered plaintiff every inducement to come and live with him. The record of a previous action for divorce between the parties by the wife on the grounds of cruel and inhuman treatment and failure to support was received in evidence. This is an appeal from the judgment granting the divorce.

For the appellant the cause was submitted on the brief of *Hume & Oellerich.*

For the respondent there was a brief by *Bouck & Hilton,* and oral argument by *Edward J. Dempsey.*

SIEBECKER, J. The court awarded judgment of divorce upon the ground that the evidence established that the parties had voluntarily lived entirely separate for the space of

five years next preceding the commencement. of the action. To constitute such a voluntary separation it must appear that the separation was mutually voluntary in its inception and so continued throughout the statutory period. Appellant challenges the court's finding of fact that the evidence established such a voluntary separation. The plaintiff's evidence is clearly and explicitly to this effect, but it is claimed that it was successfully impeached and that it stands uncorroborated in the case. An examination of the evidence of the parties shows that from January, 1901, they lived entirely separate. Their conduct from this time is clearly indicative of a mutual understanding to live separate. This is not only manifested by their actually living so separated, but also by their mutual treatment of one another, and by their conduct showing that neither party made any effort to perform their reciprocal marital obligations.

The defendant asserts that his letters to the plaintiff show that he did not voluntarily consent to live separate, as plaintiff claims. True, parts of these letters express the wish that they live together as husband and wife, but other parts as clearly refute such a desire. We are of opinion that the trial court was justified in the inference that "While some of the letters of the defendant seem to indicate a desire that the plaintiff resume marital relations, and thus that the living apart was not mutually voluntary, taking the communications as a whole they seem to be of a nature to repel rather than to invite the resumption of those relations; and to indicate that if the plaintiff desired to stay away from him, that defendant would be willing that she should do so." We are persuaded that the plaintiff's evidence is sufficiently corroborated by the defendant's evidence and his conduct to sustain the court's conclusion that the parties voluntarily lived entirely separate as asserted by the plaintiff, and that the judgment was properly awarded.

*By the Court.*—Judgment affirmed.