BROWN, J., concurring; WALKER, J., dissenting; ALLEN, J., concurring in dissenting opinion.
After stating the case: Subject to the constitutional restriction that "it may not grant a divorce nor secure alimony in any individual case" (Const., Art. II, sec. 10), the question of divorce is a matter exclusively of legislative cognizance, and in the exercise of its powers over the subject the General Assembly of 1907 (chapter 89) *Page 220 
added a new cause for absolute divorce, as follows: "If there shall have been a separation of husband and wife, and they shall have lived (275) separate and apart for ten successive years, and they shall have resided in this State for that period, and no children shall have been born of the marriage."
By chapter 165, Laws 1913, this section was amended by "striking out all after the word `years' in line six (line two of Pell's Revisal, sec. 1651, subsec. 5) and inserting, `and the plaintiff in the suit for divorce shall have resided in this State for that period, and no children be born of the marriage and living.'"
This statute, express in terms and plain of meaning, is broad enough to include, and clearly does include, any kind of separation by which the marital association is severed and which may be made the subject of further judicial investigation. There is nothing in the law to indicate that the right conferred is dependent on the blame which may attach to the one party or the other, nor that the time which may be covered by a judicial decree of divorce from bed and board shall be excluded from the statutory period, nor which permits the interpretation chiefly insisted upon by defendant, that the statute only applies when there has been a separation by mutual consent of the parties. But in the language of the statute, this cause for divorce shall prevail whenever —
"1. That has been a separation of husband and wife.
"2. When they have lived apart for ten successive years.
"3. When the plaintiff shall have resided in this State for that period.
"4. No children be born of the marriage and living."
And the Legislature having thus formally and clearly expressed its will, the Court is not at liberty to interpolate or superimpose conditions and limitations which the statute itself does not contain.
This being the correct construction of the law, we are of opinion that the proceedings and judgment in the Superior Court of Wake County offered in evidence by the present defendant, and in which she was awarded a divorce from bed and board on the ground of wrongful abandonment on the part of plaintiff, her husband, cannot be (276) allowed to affect the course or results of the present trial. Not the decree, for it does not profess to sever the marital tie; that was not the question then presented, and on that record the court had no jurisdiction to award it. Not the verdict, on which the decree was based, for the fact of abandonment being, as we have seen, irrelevant to the present issue, the judicial ascertainment of such fact would lend it no significance. As heretofore indicated, it was chiefly urged for the defendant that the statute under which present proceedings are instituted only applies when the separation has been by mutual consent *Page 221 
of parties, citing certain decisions from the Wisconsin courts, Thompson v.Thompson, 53 Wis. 153; Cole v. Cole, 27 Wis. 531, and the definition of the word, "separation" appearing in Black's Law Dictionary, etc. From a perusal of the Wisconsin decisions, it appears that the statute of that State contained express provision that the separation must be by mutual consent; and while the term "separation" has obtained the restricted meaning of a voluntary separation from being frequently so used in judicial proceedings, in its more usual sense it extends to and includes any kind of separation by which the marital association is severed: "The living asunder of a man and wife." 25 A. E. Enc., 432, citing Wharton and Jackson Law Dictionary. "If there shall have been a separation of husband and wife" is the language of the statute, and it clearly contemplates the primary and broader acceptation of the term.
Again, it was contended that a proceeding for divorce deals with and is designed to affect the status of the parties, and that the judgment in Wake has established this status to be legal separation from bed and board, and not otherwise; and further, that the time of such separation under and by virtue of that decree may not be properly counted as part of the statutory period. The premise here is undoubtedly sound. Divorce proceedings concern chiefly the status of the parties, but this action in Wake County did not deal, and the court acquired no jurisdiction to deal, with the marriage tie. The decree only established a legal separation of the parties for the time, and it is very generally held that such a decree does not bar the right to an absolute (277) divorce when the statutory conditions for such a divorce are properly established. Evans v. Evans, 43 Minn. 31; Edgerly v. Edgerly,112 Mass. 53; Green v. Green, L. R. Courts, Pro. Div., 121; Mason v.Mason, L. R., Pro. Div., 121. True, in some of these cases it is held that such divorce can only be obtained on facts subsequent to the former decree, and that as to all former facts the parties are concluded. But this limitation should only prevail when such former facts have legal bearing on the second inquiry, and does not affect the case presented here, where, as we have seen, neither the decree itself no the fact on which it is predicated is relevant to the issue.
It is suggested, in this connection, that decrees for absolute divorce in a proceeding of this character will likely and at times necessarily bring about perplexing conflicts with the terms and conditions imposed by former decrees of divorce from bed and board, and more particularly in reference to allowances for alimony and certain proprietary rights still existent in cases of such decrees. *Page 222 
We do not now see that any such conflicts will necessarily arise; but, if they do, the relief sought and the changes required in the law may not be made here. And so, as to the time covered by these decrees, the law, as we have seen, makes no such exception, and the courts are not at liberty to add to the statute what the Legislature has not seen fit to provide.
And the same answer may be made to another position submitted for defendant: that the plaintiff wrongfully abandoned defendant, and should not be allowed to take advantage of conditions brought about by his own misconduct. This general principle has been recognized in some of our former decisions, but, in the recent case of Ellett v. Ellett, 157 N.C. 161, it was held to be unsound where, as in the present case, the Legislature has conferred the right of absolute divorce on the existence of certain specific facts or conditions, and it appears from the provisions of the law that the incipient blame of the one party or the other is not to affect the question.
The public policy which finds expression in this statute rests on the assumption that it is not well for persons in these circumstances (278) to be absolutely deprived of all right to marry again; and where it has been sufficiently demonstrated by ten years separation that a reconciliation will not occur, and there are no living children to be affected, the lawmakers have deemed it expedient and right to establish this as a cause for absolute divorce. They have not seen fit to make any exception in favor of the injured party nor to exclude the time covered by decree for a limited divorce. They have not seen fit to make any exception in favor of the injured party nor to exclude the time covered by decree for a limited divorce; and, this being true, we must administer the law as we find it, and if it proves to be unwise in policy or undesirable in results, it must be changed by the legislative department, which is given full and exclusive cognizance of the subject.
Reversed.