ROONEY, Appellant, vs. ROONEY, Respondent.

*January 13—February 10, 1925.*

*Divorce: Voluntary separation: Offer to resume marital relations: Good faith.*

An offer to resume conjugal relations, made by a husband who had abandoned his wife and family, and made with an intent to predicate a divorce action on the wife's refusal, is not a foundation for an action of divorce on the ground of voluntary separation, the initial circumstances giving character to the entire period, and the justifiable refusal of the wife to resume such relations not being a basis for converting the husband's offense into grounds for divorce.

APPEAL from a judgment of the circuit court for Sauk county: E. W. CROSBY, Judge. *Affirmed.*

*Daniel Ruggles* of Pittsville, for the appellant.

For the respondent there was a brief by *Grotophorst, Quale & Langer* of Baraboo, and oral argument by *H. M. Langer.*

OWEN, J.   This is an action for divorce, based upon the allegation that the parties have voluntarily lived entirely separate and apart for the period of five years next preceding the commencement of the action.   The parties were married November 24, 1893.   For the first eight or ten years they lived on a farm in Sauk county.   During the latter portion of this time the plaintiff also operated a creamery. He lost heavily, had an auction sale to satisfy his creditors, and moved to the city of Baraboo, where he engaged in the real-estate business.   The family lived in a house owned by the plaintiff's parents.   The defendant has lived there ever since, rent free.   Plaintiff again became involved in debt, and finally, in 1904, left Baraboo, saying he would never live there again.   For the first four years after he left home he was a veritable nomad, traveling about from place to place, securing work for a short time at each place, and then moving to another.   During such time he wrote occasional letters to his wife and sent her small sums of money.   He last wrote her from Waukesha in 1908.   In that year he left Waukesha and went to Chicago, and did not thereafter write to his family.   They knew nothing of his whereabouts until 1915 or 1916, when they learned in some way that he was in Chicago.   A son of the parties went to Chicago and located the plaintiff.   Shortly thereafter he was arrested on the charge of abandonment and brought back to Baraboo, where he has lived ever since.   He lived with his mother, and his wife and children lived in a house belonging to his mother, on the same premises.   He never called on his wife or family, and from the time of his return down to the time of the trial they had not lived together nor did they speak when they met upon the street.

In 1919 plaintiff took a witness with him, called upon his wife, and proposed that they resume conjugal relations. She asked him if he was a clean man, the conversation soon became abusive, and the plaintiff and his witness left the house. Plaintiff testified that he sought this interview not that he had an intention of resuming conjugal relations with his wife, but for the express purpose of laying the foundation for this action.

The trial court held that the evidence did not establish the fact that the parties had lived voluntarily separate and apart for the space of five years, and denied a divorce.

It seems to be the appellant's contention that, because the interview between plaintiff and defendant in 1919 did not result in a restoration of the conjugal relations, the parties have lived voluntarily separate and apart since that time. The decisions of this court are to the effect that whether the living apart is voluntary during any part of the period of separation, reference must be had to the facts and circumstances existing at the time the separation took place, and that the initial circumstances give character to the entire period of separation. *Thompson v. Thompson,* 53 Wis. 153, 10 N. W. 166; *Jakubke v. Jakubke,* 125 Wis. 635, 104 N. W. 704; *Sanders v. Sanders,* 135 Wis. 613, 116 N. W. 176. The evidence in this case shows that the plaintiff's neglect and abandonment of his wife and family was most wilful and inexcusable. His disregard of his marital obligations has been most flagrant. When he proposed reconciliation with the defendant in 1919 he had forfeited all right to her consortium. He had no right to expect and did not expect that she would consent to resume marital relations with him. The contention that a spouse who has thus violated his marital obligations may convert his own offense into grounds for divorce at his suit by the simple expedient of proposing to resume marital relations at a time when he does not himself intend to resume them, and who by his own misconduct has forfeited the love, regard, and respect

of his wife so that he has no right to expect that she will resume marital relations, is preposterous. The statute can be accorded no such construction. When the plaintiff entered into the marriage relation he took upon himself certain legal obligations. He should not be relieved from those obligations in the absence. of consent, express or implied, on the part of the wife, or by reason of conduct on her part amounting to a forfeiture thereof.

It is. said that in view of the provisions of the statute that such living apart for five years or more, pursuant to a decree of divorce from bed and board, without request during that period by either party to the other in good faith for a reconciliation, shall not be any bar to an absolute divorce upon this ground at the suit of either party, there is indicated a legislative intent that separation need not be voluntary at its inception. As a divorce from bed and board can be acquired only by the injured spouse, her voluntary application therefor indicates a consent on her part to live separate and apart from her husband. But it by no means follows that the injured spouse subjects herself to a divorce at the suit of the offending spouse by refusing to live with him under circumstances here presented. The defendant has not forfeited her right to a performance of the marital obligations assumed by the plaintiff nor has she voluntarily waived such performance. So far as the plaintiff is concerned he is still bound by those obligations. The divorce was properly denied.

*By the Court.*—Judgment affirmed.