POWLESS, Respondent, vs. POWLESS, Appellant.

*April 2—May 5, 1953.*

74

For the appellant there was a brief by *Gold & McCann,* and oral argument by *Roland J. Steinle, Jr.,* all of Milwaukee.

For the respondent there was a brief by *Benton, Bosser, Becker & Fulton,* and oral argument by *David L. Fulton* and *Franklin L. Nehs,* all of Appleton.

GEHL, J.  A husband has the right to select the place where the family shall reside and if the wife unreasonably refuses to remove with him to the place of his selection her conduct constitutes unlawful desertion. *Gray v. Gray,* 232 Wis. 400, 287 N. W. 708. The question then is whether the trial court was warranted in finding that the defendant's refusal to remove to Oneida was unreasonable. Accompanying the husband's right to choose the domicile of the family is his duty to support his wife and maintain her in a home in which she need have no fear that she will be dominated by his relatives and in which she may have some hope of remaining as more than a tenant at the sufferance of his relatives. Although the plaintiff testified that his sister's house in Oneida is a rather large one and that it might be rebuilt to accommodate two families, nowhere in the record does it appear that he had ever suggested to his wife that he would ask his sister's consent to provide separate quarters, nowhere does it appear that he had ever told her that he planned to rebuild the house, and nowhere does it appear that his sister had ever indicated to him that she would remodel the house or permit him to do so.

During the time that he lived in Oneida and after he left his wife in Milwaukee plaintiff never earned over $500 per year and in one year, only $300. It is probably not without reason that he failed to testify that he had been able in the past or would be able in the future to provide for her and to make some reasonable effort to earn more money so as to be equipped to take care of her.

Defendant, at the time of the trial, was employed in Milwaukee and apparently earned sufficient to provide for her support. Plaintiff, on the income which he has received, must certainly have had some difficulty in providing food and clothing only for himself.

Plaintiff contends that because the parties are of Indian blood, were raised in an Indian community, were accustomed to the way of living in Oneida, defendant was "fully conversant with the limitations and hardships of life in that society," and there is nothing to suggest that at the time of their marriage he had agreed to leave the community, her refusal to return thereto is unreasonable. It is undoubtedly true that at the time of the marriage no agreement was made that the parties would forever reside in an Indian community. But there was an undertaking on his part to support her, and at least an implied agreement that he would not require her to spend her life in the unpleasant environment which he describes and where by his own admission he has been unable or unwilling to provide adequately for his own maintenance, to say nothing of his failure to have earned enough to provide for the two.

Defendant's refusal to remove to Oneida was not unreasonable.

*By the Court.*—Judgment reversed.

FRITZ, C. J., and BROADFOOT and CURRIE, JJ., dissent.