POWLESS, Respondent, vs. POWLESS, Appellant.

*March 11—April 5, 1955.*

For the appellant there was a brief by *Gold & McCann*, attorneys, and *Roland J. Steinle, Jr.*, of counsel, all of Milwaukee, and oral argument by *Mr. Steinle*.

For the respondent there was a brief by *Benton, Bosser, Fulton, Menn & Nehs* of Appleton, and oral argument by *David L. Fulton*.

FAIRCHILD, C. J. A voluntary separation authorizing a divorce can exist only where the parties have voluntarily lived separate for five years. Sec. 247.07 (7) of the statutes provides:

"Whenever the husband and wife shall have voluntarily lived entirely separate for the space of five years next preceding the commencement of the action, the same may be granted at the suit of either party. . . ."

The separation must be mutually voluntary. The mutuality cannot exist where a wife was compelled to leave her husband by circumstances over which she had no control, a fact which was determined by judicial decree in the case of *Powless v. Powless*, 264 Wis. 71, 58 N. W. (2d) 520. It is without dispute that the appellant and respondent were husband and wife, that they lived entirely separate for several years. When this action was begun, in which the respondent claimed that they had voluntarily lived entirely separate for five years next preceding the commencement of the action, he did nothing more than to change a label on a set of facts which had been determined to show the existence of a condition contrary to his claim. The original action, the findings made therein, and the final determination in this court show that as late as the judgment in the original action the respondent did not claim that there existed a mutually voluntary separation, but rather based his action on facts excluding such a cause of action.

To constitute a voluntary separation under the provisions of the statute, it must appear that such separation was mutually voluntary. In *Jakubke v. Jakubke,* 125 Wis. 635, 637, 104 N. W. 704, the rule was recognized that when the evidence shows that the defendant was compelled to leave plaintiff's home for protection and safety on account of his cruel and inhuman treatment of her, grounds for divorce on the basis of voluntary separation did not exist. In that case it was said by Mr. Justice SIEBECKER that "in an action commenced by him [the husband] against her [the wife] for a divorce in September, 1896, on the ground that she wilfully deserted him without just cause, it was found and adjudged that she had not deserted him, but that she was compelled to live separate from him" on account of his conduct (in the case at bar, including the sister's conduct). It was also said in that case, in words that fit the situation here, that "the defendant has persistently asserted . . . that she has been compelled to live separate from plaintiff on account of his ill-treatment, and a refusal on his part since that time to live with and so treat her and to provide for her as to make it safe and appropriate for them to live and cohabit together as husband and wife. It is clear that nothing has occurred which shows that their separation is continued for any cause other than the one inferable from the facts and circumstances of its commencement."

In a recent case, *Siegel v. Clemons,* 266 Wis. 369, 376, 63 N. W. (2d) 725, it was said: "The husband could not destroy the wife's homestead rights in the home by his wrongful conduct which had compelled her to remove therefrom."

The doctrine that governs this case is stated in *Sanders v. Sanders,* 135 Wis. 613, 116 N. W. 176: "To constitute voluntary separation of husband and wife a ground for divorce, it must appear that the separation was mutually voluntary at its inception and so continued throughout the statutory period."

The finding of the trial court that "commencing on Labor Day, 1946, being September 2d of that year, and more than five (5) years prior to the commencement of this action, the plaintiff and the defendant have voluntarily lived entirely separate and apart" is contrary to law and to the facts.

This court determined in *Powless v. Powless, supra,* that there was no desertion on the part of the wife, because she was compelled, by the failure of the husband to provide support and a suitable home for her, to live separate. If there was no desertion, there was no wilful separation, and the living separately was not voluntary. Further, in that (the original) action, the respondent alleged:

"That on or about the 20th day of November, 1945, the defendant without cause, provocation, justification, or excuse and in disregard of her marriage vows wilfully deserted and abandoned the plaintiff and has ever since [that is, up to the time of the trial] remained away from him and from the home of the parties *without the consent or acquiescence of the plaintiff* and has declared and evidenced her intention never to live with the plaintiff as his wife." (Emphasis supplied.)

That complaint was verified by respondent on April 26, 1950. His allegations there are an admission that up to that time and throughout the trial the separation was "without his consent or acquiescence." By law respondent was bound, up to the date of the final judgment in 1953, by the allegations in his first complaint, verified by him on April 26, 1950. As his original complaint shows, he claimed desertion for all of the years from 1946 to 1950 and throughout the trial and appeal. He has, therefore, by his own pleadings excluded himself from maintaining an action for divorce on the grounds of voluntary separation for the years 1948 to 1953. The allegation of voluntary separation is incompatible with an action for desertion for the same years. He has the burden of proving that there was a mutually voluntary separation at the inception of the five-year statutory period. That period

could not have begun to run, if ever it did or does, until after the date of the final judgment in the first action.

We, therefore, cannot sustain the finding of the trial court that there was a voluntary separation for a period of five years next preceding the commencement of this action.

*By the Court.*—Judgment reversed, and cause remanded with directions to dismiss the complaint.

STEINLE, J., took no part.