BROWN, Respondent, v. BROWN, Appellant.

*No. 693 (1974). Submitted on briefs December 2, 1975.—*
*Decided February 10, 1976.*
(Also reported in 238 N. W. 2d 111.)

356

For the appellant there was a brief by *Edward R. Bollenbeck* of Appleton.

For the respondent there was a brief by *Herrling, Hamilton & Swain* of Appleton.

BEILFUSS, J. The central issue raised is whether the trial court erred in finding that the defendant had consented to the separation of parties created by the plaintiff's desertion, thereby making the separation voluntary within the meaning of sec. 247.07 (6), Stats. Other

issues raised are whether the defendant should have been awarded allowance for her attorney's fees in the divorce proceedings and whether the alimony award of $200 per month until May 19, 1978, was too low.

The trial court gave three grounds for finding that the defendant had consented to the separation of the parties. The first was the defendant's statement to the plaintiff that he could live with another woman as long as he made support payments. The second was that the defendant commenced a civil action for separate maintenance rather than a criminal action for nonsupport when the plaintiff wrote the letter of January 23, 1973, refusing to make further voluntary support payments. The third reason was the separation had lasted for twelve years. None of these reasons are sufficient in themselves for finding a consent on the part of the defendant. Plaintiff's testimony with respect to the defendant's statement was a recollection of testimony he had given in prior divorce proceedings which had failed. The total length of separation does not show when the separation became voluntary. The petition for separate maintenance, including as it does a representation that her legal rights would be jeopardized if her husband is allowed to live with her, lends support to an inference that she had consented to the separation at the time that the separate maintenance suit was instituted. However, the suit for separate maintenance was necessitated by her husband's actions, and may not be relied upon to establish a voluntary consent to the separation. *Rooney v. Rooney* (1925), 186 Wis. 49, 202 N. W. 143.

Although the grounds relied on by the trial court are not sufficient, taken singly, to support the finding of consent, we hold that they are sufficient, cumulatively, to support a finding that the defendant consented to separation of the parties by the filing of her suit for separate maintenance. Therefore, the finding of the trial court that the parties had voluntarily separated for a

period of more than one year prior to the commencement of the instant action is not against the great weight and clear preponderance of the evidence.

The familiar standard for reviewing an alimony award and allowance or refusal of attorney's fees is whether the trial court abused its discretion. Virtually all the assets of the parties in this case were awarded to the defendant. The trial court noted in fixing the alimony award that the plaintiff had, in effect, been paying alimony for twelve years. Defendant has failed to demonstrate an abuse of discretion in the alimony award and the refusal to order a contribution by the plaintiff towards her attorney's fees.

*By the Court.*—Judgment affirmed.