CASE 12—PETITION ORDINARY—DECEMBER 15.

# Hedger &c. vs. Rennaker.

### APPEAL FROM HARRISON CIRCUIT COURT.

The act entitled "an act to amend the second section of article sixty-three of the Revised Statutes, entitled 'limitations of actions and suits,'" approved February 4, 1858, (1 sess. acts 1857–8, page 26,) does not extend to nor embrace suits and actions which were pending at the time of its passage.

*Quere.* Is the act of 1857–8, *supra,* violative of the 37th section of the 2d article of the constitution of Kentucky ?

Where an action for the recovery of real property was commenced prior to the taking effect of the act of 1857–8, *supra,* upon a cause of action which accrued prior to and existed at the time of the adoption of the Revised Statutes, the limitation prescribed by the second section of article 1, chapter 63, of the Revised Statutes, does not apply.

Retrospective statutes of limitation have ever been regarded as impolitic and unwise, as they are in the general unjust and oppressive. (5 B. Mon., 564.) And although such statutes have been held valid under the constitution, they have always been subjected to such a construction as would circumscribe their operation within the narrowest possible limits, consistent with the manifest intention of the legislature, to be drawn from the language used.

*Quere.* Is it within the constitutional power of the legislature to take away or impair a right which had been previously asserted by appropriate action in a court of justice having jurisdiction of such cause of action ?

W. W. TRIMBLE, for appellants, cited *chap.* 63, *sec.* 2, *Rev. Stat., page* 458 ; *act of Feb.* 4, 1858, 1 *sess. acts,* 1857–8, *page* 26 ; 5 *B. Mon.,* 570.

A. H. WARD, for appellee.

JUDGE DUVALL DELIVERED THE OPINION OF THE COURT.:

The heirs of Jonathan Hedger brought this action in October, 1857, against Rennaker, for the recovery of a small tract of land of which the plaintiffs claimed to be the owners.

The defendant in his answer denied that the plaintiffs were the owners of the land in contest, and relied upon a possession of more than twenty years as a bar to the claim of the plaintiffs.

Upon the trial evidence was introduced on both sides, conducing to show the nature and extent of the possession which each of the parties, and those under whom they respectively

claimed, had held; and the court, at the instance of the defendant, instructed the jury that if he and those under whom he claimed were in the continuous adverse possession of the land in contest for *fifteen* years next before the commencement of the suit, they must find for him.

There was a verdict and judgment for the defendant, and the plaintiffs have appealed, insisting upon a reversal on the ground that the court erred in giving the instruction just referred to.

The propriety of this instruction depends upon the construction and effect to be given to the several statutes of limitation.

By the *second section of chapter* 63, *of the Revised Statutes*, (2 *vol. p.* 123,) it is provided, that "an action for ‚the recovery of real property can only be brought within *fifteen* years after the right to institute. it first accrued to the plaintiff, or to the person through whom he claims."

But the first section of the same article declares, that "the provisions of this chapter shall not apply to *suits or actions already commenced*, nor to cases in which the right of action has accrued, but the laws of limitations now in force shall be applicable to such cases, according to the subject of the action, and without regard to form."

As, then, the right of action in the case under consideration had accrued prior to, and existed at the time of, the adoption of the Revised Statutes, it is clear that the limitation prescribed by the second section would not apply to the case, and unless it shall be found that the provisions of the first section have been totally repealed by subsequent legislation, the instruction in question must be held erroneous.

The only statute relied upon as having this effect is an act approved February 4, 1858, (2 *Rev. Stat.,* 135,) which declares, "that the provisions of chapter sixty-three of the Revised Statutes shall extend to and embrace all cases in which the right of action accrued, whether before or after the Revised Statutes took effect, from and after the first day of August, one thousand eight hundred and fifty-nine."

Before proceeding to determine the construction which this act is to receive, it is proper to suggest the inquiry, whether it

is not in conflict with the 37th *section of the 2d article of the constitution*, which declares that "no law enacted by the general assembly shall relate to more than one *subject*, and *that* shall be expressed in the title."

The act under consideration is entitled, "an act to amend the *second section* of article sixty-three, of the Revised Statutes, entitled 'limitation of actions and suits.' "

Does this title express, with any degree of certainty or accuracy, the *subject* of the enactment? The title refers exclusively to the *second section* of the chapter on limitations. The *subject* of that section is the limitation of actions for the recovery of real property. But the act which, according to its title, purports to amend but a single section of the chapter, is very much broader, and comprehends and operates upon almost every section of the entire chapter, by modifying essentially the first section, the provisions of which are general, and apply to all the subsequent provisions of the chapter.

This is an important question, and as it has not been discussed in the argument, and especially as the decision of it is not necessary in the determination of the case before us, we refrain from any further consideration of the point, and from the expression of any opinion in regard to it.

Assuming, for the present, that the act is not within the constitutional provision referred to, the question is, were its provisions intended to embrace suits and actions which were pending at the time it was passed? We think not.

It will be observed that by the first section of the chapter on limitations, its provisions "shall not apply to *suits or actions* already commenced, nor to *cases* in which the *right of action* has accrued," thus clearly establishing a distinction between *suits and actions already commenced*, and *rights of action* which had accrued; and although it might be said that the latter class of cases—that is, "cases in which the right of action has accrued" —would literally embrace "suits and actions" pending, still they have evidently been treated, by the law-making power, as distinct classes, embracing distinct subjects, and must, therefore, upon the question of construction now before us, be so considered.

The amendatory act of 1858 applies to but one of these classes. Its language is that the provisions of chapter sixty-three shall embrace "all cases in which the *right of action* accrued, whether before or after the Revised Statutes took effect." The act does not, in terms, extend to or embrace *suits and actions* which had been commenced at the time of its passage, and the question is, shall the courts, by construction, so extend and enlarge the scope of its operation as to bring within it a class of cases not being embraced by its terms?

It has been said by this court that retrospective statutes have ever been regarded as impolitic and unwise, as they are, in the general, unjust and oppressive. (*Lewis vs. Harbin*, 5 B. *Mon.*, 564.) And although such statutes have been held valid under the constitution, they have always been subjected to such a construction as would circumscribe their operation within the narrowest possible limits consistent with the manifest intention of the legislature, to be drawn from the language used.

Conceding then, as we must concede, that the act under consideration does apply the 63d chapter of the Revised Statutes to cases in which the right of action had accrued before they took effect, it does not necessarily, or at all, follow that actions pending at the time of the passage of the act are or could have been intended to be embraced by its provisions. Indeed, it might be argued upon principles founded in public policy, and deducible from the nature and structure of the government, that it is not within the constitutional power of the legislature to take away or impair a right which had been previously asserted by appropriate action in a court of justice having jurisdiction of such cause of action. (*Gaines vs. Gaines, &c.*, 9 B. *Mon.*, 300.)

But the construction we have given this act is further fortified by the provision under which it is not to take effect until the 1st of August, 1859, thus allowing a period of nearly eighteen months from the passage of the act, before it took effect. The object of this postponement is evident. It was intended for the benefit of parties having a right of action which had accrued prior to the passage of the act, and to allow them an opportu-

nity to assert such right, by suit or action, before the bar provided for by the act took effect.

The action in this case having been commenced in October, 1857,.prior to the passage of the act, was not affected by its provisions, and the instruction of the court below was therefore erroneous.

Wherefore the judgment is reversed, and the cause remanded for a new trial and further proceedings not inconsistent with this opinion.