JUDGE ELLIOTT
delivered the opinion oe the court.
Before the Code of 1‘877 took effect the time limited within which to.take an appeal to this court was three years from the rendition of the judgment in the court appealed; from.
One of the questions in this appeal is, whether the limitation prescribed by section 745 of the Code of 1877 applies to this class of cases, or, in other words, what constructive effect is to be given to. section 837 of the new Code ? This court on several occasions has condemned the policy of retrospective legislation, and has stated that retrospective statutes of limitation have ever been regarded as impolitic and unwise, as they are in general unjust and oppressive (5 B. Mon. 564); and in Hedger v. Bennaker this court ruled that although such statutes have been held valid under the constitution, they have always been subject to such a construction as would circumscribe their operation within the narrowest possible limits con *99 sistent with the manifest intention of the legislature, to be drawn from the language used. (3 Met. 258.)
It will therefore be observed that retrospective legislation is not a favorite of the courts, and even where it does not violate the organic law,, it will be confined within as narrow limits as are consistent with a proper construction of such legislation.
We confess that there is some doubt as to what constructive effect shall be given to section 837 of the Code of 1877. It enacts that certain sections of the Code shall- regulate further proceedings in civil cases now pending, and one of the sections referred to by section 837, as regulating further proceedings in civil cases now pending,, is section; 745.
By this section it is provided; that “An appeal shall not be granted except within two years next after the right to appeal first accrued,” unless, etc.
Much diversity of opinion is expressed, as to w-hat “civil cases now pending,” this section was intended to apply. We are of opinion that section 745 was intended to apply only to eases that were pending,.and in which no final judgments had been rendered, when the Code of 1-877 took effect,.because by section 837 of this Code it is to civil eases pending when the Code took effect that section 745 was made to apply, and- if there was a final judgment in the lower court in a case, and no appeal prayed'to this court, then there was no “civil ease now pending ” anywhere, and if the case had been tried,.judgment rendered; and an.appeabtaken to this court, no limitation would have been effectual.
Section 745 provides that “An appeal shall not be granted except within two years next after the right to appeal first accrued,” and by section 837 this section on limitations is only made to apply to “civil cases now pending;” that is, civil cases pending when the Code took effect. We conclude therefore that the two sections, taken together, make it apparent *100 that the civil cases, referred to as pending, were such as had not been tried in the lower court by the rendition of a final judgment before the Code of 1877 took effect. The grounds for a new trial were not overruled in this case till the fall term of the lower court, 1874, and this appeal was taken in August, 1877, which was within three years, the time prescribed for taking appeals, when the new Code took effect, and was in time.
The evidence conduces to prove that the appellee became the occupant of the land in dispute in 1852; under what title he entered, is not shown; but, soon after his entry, it is proved that he heard that E. D. Veach claimed the land, and, shortly after his settlement, it was agreed between him and Veach that he should occupy the land under Veach’s title., which was an equitable one, till Veach acquired the legal title, and then he was to have the privilege to buy at a fair valuation.
If appellee, after his entry, agreed to hold the land for Veach as his tenant, he can not dispute Veach’s title till he surrenders to him the possession, although he did not enter under his title. The appellee had a right to enter without any title, and then, for his own safety, take shelter under Veach’s title by agreeing to hold for him, and if he did so he can not dispute the title of appellant, who is the vendee of Veach, and as the appellant asked for instructions presenting this view of the case, which were refused, the judgment, overruling his motion for a new trial, is reversed, and cause remanded, with directions to grant him a new trial, and for further proceedings consistent with this opinion.