### EDWIN A. FORD *vs.* JENNIE A. FORD.

Worcester. Oct. 8, 1886. — Feb. 24, 1887. DEVENS & W. ALLEN, JJ., absent.

If a husband, before the expiration of three years after his wife has deserted him without cause, files a libel against her for a divorce for adultery committed by her after leaving him, he cannot, after the expiration of the three years, maintain a libel against her under the Pub. Sts. *c.* 146, § 1, for a divorce on the ground of desertion.

LIBEL for divorce, on the ground of desertion. Hearing before *Devens*, J., who ordered the libel to be dismissed; and, at the

libellant's request, reserved the case for the consideration of the full court. The facts appear in the opinion.

*W. S. B. Hopkins*, for the libellant.

No counsel appeared for the libellee.

HOLMES, J. · The libellee deserted her husband without excuse more than three years before the filing of this libel, and has never been willing to return to him. Within three years from the desertion, the husband had reason to believe her guilty of adultery, and filed a libel for divorce on that ground, which was contested, we assume within the three years, and which is still in court undecided. After the three years, he filed the present libel, on the ground of desertion. In reply to a question by the court, he stated that he had been willing to take his wife back and to live with her, "until he heard of her adultery, and satisfied himself that it was true, after which he was not willing to live with her."

The St. of 1838, *c.* 126, § 1, required that the desertion should be "without the consent of the party deserted," and, although these words have been omitted from the later statutes, the requirement is unchanged in cases like the present, being imported by the word "desertion," without more. A desertion consented to is not a desertion. St. 1857, *c.* 228, § 2. Gen. Sts. *c.* 107, § 7. Sts. 1870, *c.* 404, § 2; 1873, *c.* 371, §§ 2, 3. Pub. Sts. *c.* 146, § 1. *Lea* v. *Lea*, 8 Allen, 418. On like principles, the absence of lawful consent is part of the definition of an assault, and a license cannot be pleaded specially at common law, but must be proved under the general issue. *Christopherson* v. *Bare*, 11 Q. B. 473.

But we apprehend that, in the one case as in the other, "without the consent" means without the manifested consent, and that the undisclosed emotions of the deserted party do not affect his rights. We think that this view is sustained by the general analogies of the law, as well as by considerations specially applicable to the particular case. If a plaintiff in assault and battery should admit that he hoped that the assault would be committed, and rejoiced when it was, because of the prospect of damages, he might still recover, if, so far as his demeanor to the defendant was concerned, he stood upon his legal rights. The consent required to disprove the assault is a license. So, when

a wife leaves her husband, he may be glad to be rid of her, but may stand upon his rights and give her a home as long as she will accept it. Of course, proof that he entertained the feelings supposed might make it hard to believe that he did not show them, and thus express his consent to the separation, for the consent can be expressed by conduct as well as by words. But we are not considering the effect of a state of feeling as evidence of overt acts, but its legal operation apart from any overt act or conduct expressive of it.

The admission in the present case is, not merely that, after becoming satisfied of his wife's adultery, the libellant was glad that she remained absent, but, fairly construed, it is that he would not have received her back. This further element by itself is not enough to change our opinion upon the case. When one party terminates the cohabitation by desertion, the other is not bound to take any steps to restore it. If he remains silent until he files his libel, his silence does not take away his right to a decree. Conduct which in itself is proper cannot be made improper by inquiring what he would have done in an event which did not happen. The mode of testing that was for the wife to offer to return. A tender under a contract would not be excused by the contractee's subsequent admission that he would not have accepted it if made, provided he had done no overt act of waiver. In general, a person does not lose rights which he may lawfully renounce, until he has renounced them by an overt act. With reference to the present case, we may remark that a contrary doctrine would make a divorce for desertion almost always unattainable without perjury. For, except in unusual circumstances, it is not to be supposed that a libellant would have been willing to receive the libellee back, if the latter had offered to return on the day before the libel was filed.

But this case does not stop with the admission of the husband that, after he heard of the adultery, he was not willing to live with his wife. It further appears that he expressed that unwillingness by the overt act of filing a libel for divorce, setting up adultery as the ground, and, as we may assume, by causing service to be made upon the libellee. At all events, the libel was contested, so that the libellee had notice of it in some way. Filing that libel was an act expressly directed against the wife, and

we think it impossible to say that the act did not import on its face a refusal longer to cohabit with the wife, as its only object would have been defeated at once by cohabitation.    See *Sullivan* v. *Sullivan*, 2 Add. Eccl. 299, 302 ; *Doyle* v. *Doyle*, 26 Mo. 545 ; *Chapman* v. *Chapman*, 10 C. E. Green, 394.    It is clear that, if one party consents to a separation on the ground of the other's adultery then first made known to him, the departure of the other will not be a desertion, although the consent is justified. *Fera* v. *Fera*, 98 Mass. 155.    *Pidge* v. *Pidge*, 3 Met. 257.    The statute requires the desertion to be continued up to the filing of the libel.    Pub. Sts. *c*. 146, § 1.    It seems to follow from the words of the act, coupled with the meaning given to the word "desertion" in *Lea* v. *Lea*, which we have followed, as well as from general principles, that a consent which would take away the character of desertion from the original departure will take it away equally from the subsequent remaining absent, if given at a later time.

It is true, that there are English cases which seem to establish that, under some circumstances, a justifiable refusal by a wife to receive her husband back after he has deserted her will not stop the running of the statutory time.    *Graves* v. *Graves*, 33 L. J. (Mat.) 66.    *Mallinson* v. *Mallinson*, L. R. 1 P. & D. 93, 94.    *Knapp* v. *Knapp*, 6 P. D. 10.    But these cases arose under a statute which gives a wife a right to obtain a divorce for adultery, only when coupled with desertion, without reasonable excuse, for two years or upwards.    They decide that a wife's refusal to receive her husband back, unless he will abandon an adulterous connection in which he is still persisting, will not prevent the running of the two years.    To hold otherwise would make the statute useless in the most aggravated cases, and no general conclusion can be drawn from such decisions.    See *Porritt* v. *Porritt*, 18 Mich. 420.                    *Libel dismissed.*