### Anna Monteath v. Robert Monteath.

1. DIVORCE—*Willful Desertion.*—The statute assigns as one of the causes for divorce, that either party " has willfully deserted or absented himself or herself from the husband or wife, without any reasonable cause, for the space of two years;" but it does not require that, during these two years, the deserted wife shall be all the time willing and ready to receive and live with the erring husband.

**Memorandum.**—Divorce. In the Superior Court of Cook County; the Hon. PHILIP STEIN, Judge, presiding. Appeal from a decree of the Circuit Court dismissing the bill. Heard in this court at the March term, 1893. Reversed and remanded, with directions. Opinion filed April 19, 1893.

The opinion states the case.

KING & GROSS, attorneys for appellant.

No appearance for appellee.

MR. JUSTICE WATERMAN DELIVERED THE OPINION OF THE COURT.

Appellant, on the 11th day of October, 1892, filed her bill asking for a divorce from appellee. She clearly proved the alleged marriage, and that appellee, without any reasonable cause, deserted her when she was about to become the mother of his child; and also that appellee had not since returned, contributed toward her support, or communicated with her.

Having shown this much, appellant, upon being interrogated by the court, said: "My husband left me in November, 1889. I would not be willing to live with him if he returned, under the conditions he left me in. I would not be willing to live with him now. I would not live with him if he returned and provided a home for me and the child."

Question: "Now, up to the time you had a right to a decree under the law, would you have been willing to live with him if he had returned and provided a home for you and the child?" A. "No, I never want to see him again; he never made an offer to me since he deserted me, up to the present time, to provide a home for me, or to maintain me or my child."

Thereupon the court declined to hear further evidence, and of its own motion dismissed the complainant's bill for want of equity.

This action of the court seems to have been predicated upon the opinion that the state of mind of the complainant at the time of hearing this cause, December 17, 1892, her feeling at that time toward her husband, and her unwillingness to receive and live with him, was a matter to be taken into consideration in determining whether she had made out a case entitling her to a divorce.

The statute assigns as one of the causes for divorce that either party " has willfully deserted or absented himself or

herself from the husband or wife, without any reasonable cause, for the space of two years;" it does not require that during these two years the deserted wife shall be all the while willing and ready to receive and live with the erring husband.

The question involved in such a case as this is not what was the state of feeling of the wife toward her husband during the period of desertion, but what has the husband done which constitutes, under the statute, a willful desertion, without any reasonable cause, for the period of two years. There was in this case nothing tending to show that the desertion was with her consent or by arrangement, or that the husband had absented himself with an intent to return, or with any intent other than that shown by his acts.

Under such circumstances, how she may have, during the statutory two years or thereafter, felt toward him, is immaterial. What she might have done had he returned, is entirely conjectural; she may now be entirely mistaken as to what she would have done under such circumstances. No person knows what he would have done under conditions in which he was never placed.

The decree of the Superior Court is reversed and the cause remanded, with directions to hear the complainant's case and to render a decree therein upon the pleadings and evidence, not inconsistent with this opinion.