## CURTIN v. CURTIN.

(Supreme Court, Appellate Division, Second Department. March 2, 1906.)

1. DIVORCE—LIMITED DIVORCE—GROUNDS—ABANDONMENT—CONSENT.

Where plaintiff in an action for limited divorce on the ground of abandonment had asked the defendant if he was going away, and when he said "Yes" asked him for support, without making other objection to his leaving, this did not show such consent to his leaving as to deprive her of the right to the divorce.

[Ed. Note.—For cases in point, see vol. 17, Cent. Dig. Divorce, §§ 113, 114, 154, 155.]

2. SAME—ALLOWANCES TO WIFE.

Where a wife is granted a limited divorce from her husband, and she is permitted to use the dwelling house, and the husband, aged 61, received $30 a week wages, and the rental of a part of the dwelling house is not sufficient to meet the interest on the mortgage and the taxes thereon, which he paid, and she is the life tenant of property which pays her $41 a month, a charge on his weekly wages of $10 a week will be reduced to $7.50 a week.

[Ed. Note.—For cases in point, see vol. 17, Cent. Dig. Divorce, §§ 675–678.]

Appeal from Trial Term, Kings County.

Action by Louise Curtin against John Curtin. From a judgment in favor of plaintiff, defendant appeals. Modified.

Argued before HIRSCHBERG, P. J., and WOODWARD, JENKS, RICH, and MILLER, JJ.

Wm. Victor Goldberg, for appellant.
Rufus O. Catlin, for respondent.

JENKS, J. This is an appeal from a judgment of limited divorce based upon abandonment. First, it is insisted that there was failure of

proof, in that it did not appear that the going away was without the assent of the plaintiff. Consent is inconsistent with the idea of abandonment or desertion. Uhlmann v. Uhlmann, 17 Abb. N. C. 236, 260; De Meli v. De Meli, 67 How. Prac. 20; Ford v. Ford, 143 Mass. 577, 10 N. E. 474. The plaintiff testifies that the defendant left their common home on June 30, 1904, and that he has never returned to her. On cross-examination she testifies:

"I do not want him to come back, on account of the names he called me. I was satisfied that he left the house; I had peace after he had gone. I asked if he was going away, and he said 'Yes.' I asked him for a support, and he gave me a very sulky answer, not fit to express. He did not tell me that when I quit going around with one Meeham that he would be willing to live with me. It was about the 3d of June that I left his bed. After the 3d I was not asked to come back. I would not go back. After the 3d of June, if he stayed in the house I would stay there too. Q. You would not stay with him at all? A. No; I would not, for the names he called me. Q. You would not stay with him now? A. No; I don't want him."

Testimony as to what the witness would or would not do in an event is not evidence as to whether she did or did not consent to his abandonment. Ford v. Ford, supra; Monteath v. Monteath, 51 Ill. App. 126. In Ford's Case the court, passing upon a similar question, say (per Holmes, J.):

"Conduct which in itself is proper cannot be made improper by inquiring what he would have done in an event which did not happen."

Of course, her mental state would naturally aid the conclusion that she did show consent by words or acts, but such mental state is no substitute for acts or words. Ford v. Ford, supra. When we analyze the testimony of the plaintiff, it appears that she but asked the defendant if he was going away, and when he said yes, she asked him for support. I think that this is not sufficient to indicate that the plaintiff consented to desertion or abandonment. Of course, the court was not bound to credit the statement of the defendant that he left "by mutual agreement." Moreover, his explanation of "the mutual agreement" seems to be that he expressed his intention to leave, and that his wife said nothing. Second, the defendant is charged with $10 a week, and the plaintiff is allowed the use of the dwelling house. The wife testifies that her husband has an income of $120 a month, and that he has received rents from the lower part of the house of $15 a month, and that he owns lots and a house in Flatbush which return a rental of $20 a month. The husband, aged 61, testifies that he receives $30 a week wages; that he bought the house which his wife occupies (they are tenants by the entirety) with his own money; that there is a mortgage on it, and that the rental of the lower part is not sufficient to meet the interest on the morgage and the taxes, which he pays; that the property in Flatbush is mortgaged for $1,000, and that the rent pays interest and taxes, but not the repairs. The wife is 52 years of age, with but one child dependent on her, a lad of 20 years, who earns $6 a week. She is the life tenant of certain property, which pays her $41 a month. I think, under the circumstances, that, in addition to affording the plaintiff a home, a charge upon his weekly wages of $7.50 is sufficient; and therefore I recommend that the judgment be thus modified, and, as modified, be affirmed, without costs of this appeal. All concur.