## WILHELM *v.* WILHELM.

(177 Pac. 57.)

**Divorce—Suit Based on Desertion—Evidence Admissible.**

1. Where, in divorce suit charging desertion from and after a certain date, plaintiff's testimony showed that on such date the parties were not living together, evidence as to plaintiff's misconduct was properly admitted, although defendant's answer was in effect a general denial.

Divorce—"Desertion."

2. Separation alone is not desertion.

[As to what constitutes desertion as a ground for divorce, see note in 138 Am. St. Rep. 146.]

Divorce—Desertion—Essential Proof.

3. Where, in divorce suit charging desertion from and after a certain date, plaintiff's evidence disclosed that the parties were living separate on such date, it became necessary as a part of plaintiff's case to prove that the separation was such that it would constitute a desertion, if continued for a year from that date.

Divorce—Desertion—Evidence—Sufficiency.

4. Defendant's offer to resume living with plaintiff, made within a year after their initial separation, would break the period of desertion, and it was incumbent upon plaintiff, if he wished to start the statutory period of desertion, to give notice to defendant of his desire to have her return to him.

Divorce—Decree Denying Divorce—Review.

5. Trial court having had the opportunity of hearing the witnesses in the instant case, and also in prior divorce suit between the parties, court on appeal will give some weight to findings of trial court in reviewing decision denying divorce.

From Union: John W. Knowles, Judge.

In Banc.

This is a suit for divorce. Plaintiff and defendant were married in 1906 and on October 16, 1915, while living at La Grande, Oregon, domestic relations grew somewhat strained, and an agreement was entered into between the parties in writing dividing the property they then owned and agreeing that henceforward each party would pay his own living expenses out of his own income and property. The defendant left La Grande and went to Portland, and afterwards to Woodburn, Oregon, where she is engaged in the millinery business.

In the spring of 1916 plaintiff filed a divorce suit against the defendant with the result that in September, 1916, he was denied a decree of divorce. On September 13, 1916, defendant wrote plaintiff a letter full of expressions of love and affection and stated

her willingness to live with plaintiff at La Grande or any other place, and asked him to come to her. This letter was not answered by defendant, and on March 21, 1918, another letter of similar import was sent by defendant to plaintiff by special delivery, and receipt thereof refused by plaintiff. There is also evidence that other letters were sent by defendant stating her willingness to live with plaintiff as husband and wife. On March 22, 1918, plaintiff filed a complaint alleging that from the first day of October, 1916, defendant "without cause or provocation willfully deserted this plaintiff and has at all times since said date and still continues to live separate and apart from plaintiff, and has refused and continues to refuse to live with plaintiff."

The answer filed was a general denial, and in addition thereto a statement that defendant was at all times willing to condone the delinquencies of plaintiff and live with him as his wife, and that plaintiff had prevented her from so doing. The Circuit Court refused a decree of divorce and plaintiff appeals.

AFFIRMED.

For appellant there was a brief submitted over the name of *Messrs. Crawford & Eakin.*

For respondent there was a brief prepared and submitted by *Mr. Charles H. Finn.*

OLSON, J.—This suit is brought on the single ground of desertion. The desertion charged does not run from the time of the actual separation of plaintiff and defendant, but is charged as occurring from and after the first day of October, 1916. The defendant gave evidence in the case that the original separation was caused solely by plaintiff in that he had for some

time prior to the separation, been carousing around and becoming intoxicated and taking other women out in his automobile, and further that he told defendant he did not love her any more and wanted her to leave. Also that he leased the house and furniture to another party while they were occupying the same, and in effect ordered her to leave.

1. Plaintiff admits in effect his attentions to other women but denies that he ordered defendant to leave him, and introduces in evidence the agreement for the division of the property wherein it is provided that each party shall pay their own expenses thenceforward. Plaintiff contends on appeal that all the evidence as to the misconduct of plaintiff was improperly admitted in this case in that the answer pleads in effect only a general denial. This position is not well taken for the reason that the testimony of plaintiff shows that on the first day of October, 1916, defendant and plaintiff were not living together, and in order to determine a desertion for the statutory period of one year that would commence on that date and run continuously from that time, it is necessary to ascertain the relations of the parties prior to that time and the reasons for their separation.

2, 3. Separation alone is not desertion: *Luper* v. *Luper,* 61 Or. 418 (96 Pac. 1099). A husband and wife are often absent from each other by agreement, for traveling, business, education or merely pleasure, and such absence while agreed to by both parties, is not desertion, even though continued for a period of several years. When plaintiff's evidence disclosed the fact that on October 1, 1916, plaintiff and defendant were living separate and no change in their relations was made on that date, it became necessary as a part of plaintiff's case to prove that the separation was

such that it would constitute a desertion if continued for a year from that date.

Commissioner Slater in *Luper* v. *Luper,* 61 Or. 418 (96 Pac. 1099), has defined desertion tersely as follows:

"Desertion or abandonment consists in the voluntary separation of one spouse from the other for a prescribed period of time without the latter's consent, without justification and with the intention of not returning."

4. We have carefully examined the evidence in this case and find therein no offer on the part of plaintiff to make a home for defendant at any time since they separated, no request on his part for her to return, and no answer favorable or otherwise to her numerous requests for reconciliation and resumption of marital relations. The offer of defendant to resume living with plaintiff came within a year after their initial separation on October 16, 1915. This would break the period of desertion, assuming for the purpose of argument that defendant ever deserted plaintiff. It was incumbent upon plaintiff, if he wished to start the statutory period of desertion, to give notice to defendant of his desire to have her return to him in order to establish the necessary element that such desertion was without the consent of plaintiff.

5. There is some little conflict in the testimony, but the trial judge having had the opportunity of hearing the witnesses in this case, and also in the other case preceding it, some weight should be given to his findings.

The decree is affirmed.                 AFFIRMED.