Salinko, Respondent, vs. Salinko, Appellant.

*May 10—June 6, 1922.*

*Divorce: Voluntary separation: Absence of intent to resume marital relations: Division of estate: Duty of husband to support wife.*

1. In an action for divorce on the ground that the parties had voluntarily lived apart for five years next preceding its commencement, a finding that the parties had so lived was supported by proof that the defendant wife had no intention of resuming marital relations, notwithstanding evidence that she was delayed in returning from a foreign country by inability to secure passage and failure of the husband to provide her with a ticket and funds sufficient to reach a sailing point.
2. An allowance to the wife of $1,000 in lieu of alimony and as a final distribution of her husband's estate was unjustly meager and should be increased to $3,500, where the evidence showed that she was forty-five years of age and was contributing to the education of a son of the marriage, and that the husband was a practicing physician whose estate was $5,000, though his net earnings were not large.
3. The husband's duty to support his wife continues after divorce except where obtained on the ground of her adultery, and is not affected by her having no claim upon his estate by reason of the absence of contribution by her to its accumulation.

Appeal from a judgment of the circuit court for Milwaukee county: Gustave G. Gehrz, Circuit Judge. *Modified and affirmed.*

This action was brought to obtain a divorce upon the ground that the parties had lived voluntarily and entirely separate and apart for a period of five years next preceding the commencement of the action. A divorce was granted, and the defendant was allowed the sum of $1,000 as a full and final division and distribution of plaintiff's estate and in lieu of all alimony, past or future. The defendant appeals.

For the appellant there was a brief by *N. L. Baker* and *W. J. Zimmers,* both of Milwaukee, and oral argument by *Mr. Baker.*

For the respondent there was a brief by *Kleist & Harriman* of Milwaukee, and oral argument by *John C. Kleist.*

Owen, J. Plaintiff and defendant were married at Warsaw, Poland, January 23, 1894. A son was born in February, 1895. About six months later plaintiff came to this country, and communication between the parties ceased soon thereafter. The defendant earned her own livelihood, and, with her own earnings and by the help of her relatives, nurtured and reared the son. The plaintiff was married to another woman in the city of New York on the 7th day of October, 1900. In 1910 the plaintiff, who then was a physician and surgeon, contemplated taking a further medical course in Europe. About that time he renewed correspondence with the defendant and asked her to join him upon his arrival. She complied with his request, and lived and cohabited with him for about two months during the summer of 1910. It was considered for a time that defendant with her son should return to America with plaintiff, but, for some reason which does not satisfactorily appear, neither she nor the son accompanied him on his return. Shortly after his return he secured a divorce from his second wife.

In 1911 the defendant with her son came to America and took up their abode with friends in Kenosha. On April 25, 1911, she instituted an action for divorce against the plaint-

iff, alleging as grounds therefor desertion, nonsupport, and adultery. In that action the plaintiff counterclaimed, asking for divorce on the ground of desertion. The trial court found that neither party deserted the other, and that while the plaintiff in this action committed adultery it was condoned by the defendant herein during the period of their cohabitation in Europe during the summer of 1910. A divorce was denied to either party, but the judgment provided for the separate support and maintenance of the defendant by the plaintiff, and for that purpose it was decreed that the plaintiff should pay to the defendant $5 per week so long as she actually lived in the United States, and until such order be modified by the court. Soon after the entry of this judgment defendant returned to Warsaw, where she was summoned by reason of her mother's illness. Her own people furnished her with money to make the trip. She left the son in Kenosha. It was her intention to return in about three months. She secured passports as an American citizen. Before leaving she moved the circuit court for an order that she be paid the $5 per week during her absence, as well as for an order granting a larger allowance for the maintenance and education of her son. As a final determination of this motion had not been had prior to the time of her leaving, an understanding was reached between the attorneys for the respective parties that the $5 per week which the judgment provided should be paid to the defendant as long as she remained in the United States should be paid to her attorneys for the use of her son. The original judgment provided for $10 per month for his education and maintenance. These payments were made up to the middle of July, when plaintiff refused to continue the same.

*Mrs. Salinko* experienced great hardship in Warsaw because of the breaking out of the war, and her return to this country was prolonged because of her inability to secure passage and the failure of the defendant to provide her with a ticket and sufficient funds to reach a sailing point, for

which reason it is urged that the court erred in finding that they had lived voluntarily separate and apart for a period of five years, immediately preceding the commencement of the action. We hold, however, the finding is well sustained by the evidence. It appears very satisfactorily that *Mrs. Salinko* had no intention of resuming marital relations with her husband. The divorce was properly granted.

The court by its decree allowed *Mrs. Salinko* $1,000 in lieu of all alimony and as a final distribution of the husband's estate. The court found that the husband had an estate of $5,000; that he was a practicing physician with a gross income of $5,000 per year and business expenses to the amount of $3,300 per year. It is true that his accumulated estate and his net income is not large. However, we hold the allowance, under the circumstances, is unjustifiably meager. The duty of the husband to support his wife continues after divorce, except when a divorce is obtained on the ground of her adultery. This duty results from the marital relation. It is a part of the marriage contract and is recognized as a legal duty in the statutes and in the decisions of this court. *Campbell v. Campbell*, 37 Wis. 206; *Pfingsten v. Pfingsten*, 164 Wis. 308, 314, 159 N. W. 921.

While defendant has no claim upon plaintiff's estate by reason of her contribution to its accumulation, which is frequently an important consideration in the division of a husband's estate, nevertheless his duty to contribute to his wife's future support is not at all affected by this circumstance. To relieve him of that duty by the payment of $1,000 is to treat the duty lightly. His full contribution to the support of his wife and the education and maintenance of the son is found by the court to have been $1,200. It is a just inference that defendant has contributed more to the support and maintenance of the son than has the plaintiff.

It will thus be seen that plaintiff's legitimate marital obligations have rested rather lightly upon him, while they have been a source of burden and hardship to the wife from the beginning. While it is possible that she is presently able to

earn her own living, she has arrived at the age of forty-five years, and her life of toil has undoubtedly left its effect upon her health, and the time during which she will be able to earn her own living is undoubtedly limited. We are not at all satisfied with the allowance made to the wife. We do not think it can be justified upon any reasonable hypothesis. One who has disregarded his marital obligations as has the plaintiff in this case should not escape the duty assumed by the marriage contract quite so easily.

The judgment should be modified so as to allow the wife the sum of $3,500 out of the estate of the husband, such sum to be paid within three years from the date of the entry of the original judgment, and in such amounts and at such times as the trial court may determine.

*By the Court.*—It is so ordered. No costs to be taxed in this court; appellant to pay clerk's fees.

DOERFLER, J., took no part.