Argued March 7, affirmed March 20, 1928.

# JOHN F. BLAIR *v.* EMILY M. BLAIR.

### (265 Pac. 415.)

**Divorce—"Desertion" as Ground for Divorce Requires Separation Against Will and Without Consent of Complaining Spouse (Or. L., § 507).**

1. "Desertion" of one spouse as ground for divorce by the other, under Section 507, Or. L., requires showing that separation was against the will and without the consent of the complaining spouse continuing for the period of one year.

**Divorce—Consent to Separation Sufficient to Defeat Divorce on Ground of Desertion may be Implied from Acquiescence or Circumstances.**

2. Consent to separation sufficient to defeat divorce on ground of desertion may be implied from acquiescence or from other circumstances which show consent of complaining party, or that separation was not against his or her will.

**Divorce—Plaintiff's Cruelty and Consent to Separation Justified Denying Divorce for Desertion (Or. L., § 507).**

3. Divorce on ground of desertion under Section 507, Or. L., *held* properly denied, in that alleged desertion was justified by cruel treatment of plaintiff and plaintiff's apparent consent to defendant's remaining away, by suing for divorce on ground of cruelty before expiration of the year and by filing cross-complaint to same purpose.

**Divorce—Desertion of Spouse may be Justified by Consent or Wrongful Conduct.**

4. Desertion as ground for divorce may be justified by the consent or wrongful conduct of the other spouse.

---

Divorce, 19 **C. J.**, p. 62, n. 10, p. 63, n. 11, p. 64, n. 27, p. 65, n. 33, p. 81, n. 96.

From Multnomah: ASHBY C. DICKSON, Judge.

Department 2.

AFFIRMED.

---

2. Consent of parties to separation, see notes in 119 **Am. St. Rep.** 620; 138 **Am. St. Rep.** 156. See, also, 9 **R. C. L.** 358.

4. Cruel conduct causing separation, see notes in 86 **Am. Dec.** 340; 119 **Am. St. Rep.** 626; 138 **Am. St. Rep.** 156. See, also, 9 **R. C. L.** 364.

For appellant there was a brief and oral arguments by *Mr. C. B. Sears* and *Mr. George A. Pipes.*

For respondent there was a brief and oral argument by Mr. *W. K. Royal.*

BEAN, J.—The plaintiff appeals from a decree of the Circuit Court in a divorce suit denying relief to either plaintiff or defendant. The ground of the suit is alleged to be desertion for the statutory period of one year from March 26, 1924.

In April, 1924, the plaintiff's husband filed a suit for divorce against his wife alleging cruelty. No service was obtained. On June 21, 1924, the defendant wife instituted a suit for divorce against the plaintiff alleging cruelty, and the plaintiff abandoned his suit, which he had previously filed and answered, setting up a cross-complaint for cruelty against the present defendant. The case was determined on the twenty-ninth day of September, 1924, by a decree denying a divorce to either party. The present suit was commenced March 28, 1925, alleging desertion. The Circuit Court denied the decree as shown by its findings for the following reason:

"That the facts alleged and set forth in plaintiff's complaint do not constitute grounds of desertion for the period of a year, for the reason that there was subsequently pending a divorce proceeding instituted by the plaintiff herein against the defendant, and that the statutory period did not thereby elapse, and the plaintiff having failed to establish a *prima facie* case, and the defendant's cross-complaint does not recite facts sufficient to constitute a cause of suit."

The question for our determination is whether the desertion had continued for one year, which is one of the statutory grounds: Or. L., § 507.

The plaintiff asserts that the time during which a divorce proceeding subsequent to the desertion is pending between the parties is not excluded in calculating the period of desertion. The defendant maintains the contrary.

The parties were first married January 18, 1917, in Roseburg, Oregon. On December 20, 1921, the defendant Emily M. Blair was granted a decree of divorce from the plaintiff, her husband, and her husband was ordered to pay $35 per month permanent alimony. Thereafter, it is alleged, that the plaintiff beseeched the defendant to return to him, promising to correct his mistakes and the parties were remarried on May 10, 1923. The defendant in her answer in the present case alleges that as a result of plaintiff's abuse and cruel and inhuman treatment she was compelled to and did leave the plaintiff on or about the twenty-sixth day of March, 1924. This allegation is not denied by the reply.

The real cause of the separation is not explained by the plaintiff in his testimony, any further than his statement, that it was without any cause or provocation. Both of the parties appeared before the court upon the trial of the suit. While the defendant did not urge her cross-complaint the trial court had an opportunity of viewing the situation fairly, as well as to consider the question indicated in the finding quoted.

1. It is unquestionably the law that to prove the desertion of one spouse as the ground for a divorce by the other, the separation must be shown to have been against the will and without the consent of the complaining spouse, and must continue for a period of one year. Where there is consent to the separation by the party claiming desertion, it would not con-

stitute grounds for divorce. A consent which will take away the character of desertion from the original departure will take it away equally from a subsequent absence if given at any time during such absence.

2. Where a husband is not entirely blameless for the act, and makes no effort to prevent the desertion by his wife, and acquiesces in and appears satisfied with its continuance, he is not entitled to divorce on the ground of desertion. Consent to a separation may be implied from acquiescence, or from other circumstances which show the plaintiff's consent, or that the separation was not against his or her will. It is not essential that the consent be expressed, it may be tacit as where the plaintiff was willing and made no objection: 9 R. C. L., p. 358, §§ 144, 145.

In 9 R. C. L., page 361, Section 147, we read as follows:

"Where one spouse in good faith brings proceedings for a divorce against the other though in fact, as it may develop, there is no ground for divorce, it is the general rule that there can be no desertion by the one of the other pending the divorce proceedings, as it is presumed that no return would be then permitted; * * *"

Counsel upon both sides have cited nearly the same authorities. The question of continuity of desertion is thoroughly and ably discussed by Mr. Justice Wol-verton in the case of *Ogilvie* v. *Ogilvie,* 37 Or. 171 (61 Pac. 627). We learn from that case and from many others that the spouse claiming desertion must leave the door of reconciliation open to the deserting spouse and not barred during the full period of one year: *Olcott* v. *Olcott* (N. J. Ch.), 26 Atl. 469; *Wagner* v. *Wagner,* 39 Minn. 394 (40 N. W. 360); *Neddo* v. *Neddo,* 56 Kan. 507 (44 Pac. 1); *Easter* v. *Easter,*

75 N. H. 270 (73 Atl. 30, 139 Am. St. Rep. 688);
*Wilkins* v. *Wilkins,* 84 Neb. 206 (120 N. W. 907, 133
Am. St. Rep. 618); *Albee* v. *Albee,* 141 Ill. 550 (31
N. E. 153); *Ford* v. *Ford,* 143 Mass. 577 (10 N. E.
474); *Luper* v. *Luper,* 61 Or. 418 (96 Pac. 1099);
*Wilhelm* v. *Wilhelm,* 90 Or. 435 (177 Pac. 57).

In the case of *Ford* v. *Ford,* 143 Mass. 577 (10
N. E. 474), the facts appeared to be that the libelee
deserted the libelant without excuse more than three
years before the filing of the libel. That during the
three years interval the libelant filed a libel for di-
vorce on the grounds of adultery. While this libel
was still pending, the instant libel on the ground of
desertion was filed. In the course of the trial the
libelant stated that he was unwilling to take the libelee
back after he believed she had been guilty of adultery.
The court stated as follows:

"But this case does not stop with the admission of
the husband that, after he heard of the adultery, he
was not willing to live with his wife. It further ap-
pears that he expressed that unwillingness by the
overt act of filing a libel for divorce, setting up
adultery as the ground, and, as we may assume, by
causing service to be made upon the libellee. * * Fil-
ing that libel was an act expressly directed against the
wife, and we think it impossible to say that the act
did not import on its face a refusal longer to cohabit
with the wife, as its only object would have been de-
feated at once by cohabitation. * *

"It seems to follow from the words of the act * *
as well as general principles, that a consent which
would take away the character of desertion from the
original departure will take it away equally from the
subsequent remaining absence, if given at a later
time."

See, also, *Wilkins* v. *Wilkins,* 84 Neb. 206 (120
N. W. 907, 133 Am. St. Rep. 607); *Neddo* v. *Neddo,*

56 Kan. 507 (44 Pac. 1); *Wagner* v. *Wagner,* 39 Minn. 394 (40 N. W. 360); *Luper* v. *Luper,* 61 Or. 418 (96 Pac. 1099); *Olcott* v. *Olcott* (N. J. Ch.), 26 Atl. 469.

It is clear, then, from all the authorities that whether by act or word the plaintiff either consented to the separation on March 26, 1924, or in the same way acquiesced in the continuance of such desertion within the statutory period, the continuity thereof would be broken. The trial court had before it the circumstances that the parties had been married and lived together for a time and then were divorced, and after living separate for about a year and a half, were remarried. In less than a year another suit for divorce was instituted and tried in the same court, but before a different judge than the present suit was tried. It would have been impossible for the trial court to have found that the plaintiff was not without fault.

3. There are two matters taken together that justify the alleged desertion of the defendant; namely, the cruel treatment of the plaintiff which is admitted, and his apparent consent to her remaining away about a month after she left him by bringing the suit for divorce.

4. Desertion may be justified by the consent or wrongful conduct of the other spouse: *Sisemore* v. *Sisemore,* 17 Or. 542 (21 Pac. 820). One writer states:

"The true rule is that the plaintiff must come into the divorce court with clean hands. Cruelty is also a good defense to a charge of desertion. Conduct to bar relief in an action for divorce for desertion need not be such as would give the defendant cause for a divorce, as inequitable conduct on the part of the plaintiff, though it does not amount to cause for a divorce, suffices to defeat his application for relief."

2 Schouler on Marriage and Divorce (6 ed.), p. 1916, § 1727.

In the present case we have for consideration, as a defense to plaintiff's charge of desertion, the cruelty on the part of the plaintiff and also the fact that during the period of one year of separation of the parties the plaintiff evinced a desire that the defendant be required by the strong arm of the law to remain away from him. This was by the act of the plaintiff in bringing a suit to forever dissolve the bonds of matrimony existing between them, and by filing a cross-complaint for the same purpose. This did not indicate that the door was open for the wife to return to plaintiff, but on the contrary that the plaintiff was striving to close and bar the door forever. In a note in 119 Am. St. Rep., page 623, we read:

"A separation from her husband by the wife, begun by her without such reasons as would have sufficed on her part to procure a divorce from him, does not entitle him to a divorce on the ground of her desertion, when he neglects to do anything to induce her to return: *Bowlby* v. *Bowlby*, 25 N. J. Eq. 406."

It is not essential that the wife should humble and debase herself by returning to a husband who has signified that he did not want her companionship.

Taking into consideration the conduct of the plaintiff before the alleged desertion, together with his act in instituting a suit for divorce, we do not think that the decree of the trial court in denying plaintiff a divorce should be disturbed.

Decree affirmed.                              AFFIRMED.

RAND, C. J., and BROWN and BELT, JJ., concur.