## PARKS v. PARKS.

### No. 7654.

United States Court of Appeals for the District of Columbia.

Argued Oct. 8, 1940.

Decided Nov. 25, 1940.

---

George E. C. Hayes and Philip W. Thomas, both of Washington, D. C., for appellant.

Fred B. Rhodes, Cooper B. Rhodes, and Robert F. Klepinger, all of Washington, D. C., for appellee.

Before GRONER, Chief Justice, and EDGERTON and VINSON, Associate Justices.

EDGERTON, Associate Justice.

The plaintiff in a suit for absolute divorce appeals from a judgment dismissing his complaint.

The District Court found these facts. The plaintiff husband deserted his wife, the defendant, without cause, on April 18, 1932. They have not lived together since. On November 25, 1932, they signed a separation agreement; "the defendant was compelled to and did sign * * * in order to obtain funds for the purchase of food and other necessaries." Until August 15, 1933, the plaintiff paid the defendant $100 a month under the agreement. On May 24, 1934, the defendant sued for a limited divorce on the ground of desertion. It was granted May 8, 1935, and is still in effect. Parks v. Parks, 68 App.D.C. 363, 98 F.2d 235. Since then the plaintiff has paid the defendant $15 a week, under the decree, and neither party has attempted to effect a reconciliation or to resume marital relations. There is no finding as to such attempts before the decree; but both par-ties testified, without dispute, that the defendant made none, and it is apparent that the plaintiff made none. The present suit was filed May 6, 1938.

The 1935 amendment of the Code permits absolute divorce for "voluntary separation from bed and board for five consecutive years without cohabitation."[1] This amendment is retroactive. Tipping v. Tipping, 65 App.D.C. 222, 82 F.2d 828. And "where a divorce from bed and board has been decreed the court may afterwards decree an absolute divorce between the parties for any cause arising since the first decree and sufficient to entitle the complaining party to such decree."[2] It follows that the plaintiff is entitled to a divorce if, at the time this suit was filed, five consecutive years of "voluntary separation" had elapsed; for this cause, if it arose at all, arose after the first decree.

Six consecutive years of separation had elapsed. The separation was not at first voluntary on the defendant's part; when the plaintiff deserted her, she begged him not to go. But from that time on she neither asked him to return nor made any other attempt to bring about a reconciliation. It is perhaps a fair inference that she reconciled herself to separation. But that, we think, is not the question. Even if she did, in fact, wish her husband to return, in the course of time her silent acquiescence in the separation made it voluntary in the statutory sense. Desires which are not reflected in conduct have little or no social or legal significance. The law is full of instances in which the will that counts is the apparent rather than the secret will. The liberal purpose of the 1935 amendment points to this construction. That purpose was to permit termination in law of certain marriages which have ceased to exist in fact. This is such a marriage. We think the defendant's silent acquiescence made the separation voluntary, in the statutory sense, within less than a year after it began, and therefore more than five years before the plaintiff filed this suit. It follows that he is entitled to a divorce.

The fact that the separation resulted from the husband's fault is no defense, since the statute does not require that the separation originate in any particular way.[3] It requires only that for five con-

[1] D.C.Code, Supp. V, Tit. 14, § 63.

[2] D.C.Code, Tit. 14, § 66.

[3] Herrick v. Herrick, 55 Nev. 59, 25 P.2d 378; Campbell v. Campbell, 174 Md. 229, 198 A. 414, 116 A.L.R. 939; and cases cited in notes 5 and 6, infra. Mc-

secutive years the separation be voluntary. The separation agreement is no defense. The economic pressure which led the defendant to sign it weakens it as evidence that she wished to live apart but does not show that she expressed, or even that she felt, a wish to live with her husband. The Maryland court has held that when husband and wife live apart, with no attempt at reconciliation, for the statutory period, he is entitled to a divorce on the ground that they have lived apart "voluntarily," though the separation resulted from his fault and she entered into a separation agreement only to get support.[4]

 The fact that a defendant has obtained a limited divorce does not prevent a plaintiff from obtaining an absolute divorce on the ground of separation[5] or of "voluntary" separation.[6] Parks v. Parks,[7] a bill to review the limited divorce obtained by this defendant, does not bar this suit. A deserted spouse is not required to make attempts to end the separation in order to obtain a divorce. Even actual unwillingness on her part to take the deserter back does not prevent her from obtaining a divorce.[8] "The undisclosed emotions of the deserted party do not affect his rights."[9] We need not consider whether a refusal to take back the deserter would, under our present statute, affect the deserted party's right to a divorce. Mrs. Parks neither refused to take her husband back, nor made any effort to get him back.

The plaintiff expresses willingness to continue to pay alimony, and we think the decree should require him to do so.

Reversed.

---

Garry v. McGarry, 181 Wash. 689, 44 P.2d 816, is to the contrary where only "the injured party" is entitled to sue, and Rooney v. Rooney, 186 Wis. 49, 202 N.W. 143, where the husband's conduct is such that his wife can not be expected to live with him again. Cf. Miller v. Miller, 178 Md. 12, 11 A.2d 630.

[4] Campbell v. Campbell, 174 Md. 229, 198 A. 414, 116 A.L.R. 939. But cf. Miller v. Miller, supra note 3.

[5] Herrick v. Herrick, supra; Brown v. Brown, 172 Ky. 754, 189 S.W. 921; Cooke v. Cooke, 164 N.C. 272, 80 S.E.

178, 49 L.R.A.,N.S., 1034; Schuster v. Schuster, 42 Ariz. 190, 23 P.2d 559.

[6] Salinko v. Salinko, 177 Wis. 475, 188 N.W. 606. Cf. D.C.Code, Tit. 14, § 66, quoted supra.

[7] 68 App.D.C. 363, 98 F.2d 235.

[8] Hitchcock v. Hitchcock, 15 App.D.C. 81, 93.

[9] Ford v. Ford, 143 Mass. 577, 10 N.E. 474, 475 (Holmes, J.); Curtin v. Curtin, 111 App.Div. 447, 97 N.Y.S. 771; Wright v. Wright, 81 Fla. 456, 87 So. 156, 18 A.L.R. 627.