Nash, J.
This is a contract action for a commission allegedly earned by the plaintiff acting as a real estate broker in procuring a customer for the sale of the defendant’s real estate. The answer is a general denial. On conflicting testimony the trial court found that the plaintiff is a real estate broker who in company with a prospective customer after visiting other property across the street from where the defendant lived, in which the customer was not interested, crossed the street to the defendant’s house on June 26, 1948 where a “For Sale” sign was displayed; knocked on the door; met the male defendant and told him he was a real estate broker with a customer; that the defendant invited the broker into the house and that the broker and the customer were shown over the house and farm; that the plaintiff asked the defendant the price and the defendant said it was Eighty-Six Hundred Dollars ($8,600); that the customer said he wished to think it over and would let the plaintiff know his decision; that the plaintiff then gave the defendant his card which contained the plaintiff’s name *123 and telephone number and the words “Real Estate of all Kinds;” that the plaintiff then told the customer that if the customer decided to buy the property he would put the sale through. On June 30, 1948 the customer went with the defendant to a lawyer and made a written agreement to purchase the farm together with certain personal property for Eighty-Eight Hundred Dollars ($8,800) and the defendant had inserted in the agreement the following words . . . - “ The grantee and grantor also agree that they do not have any real estate commission to pay on the premises or that either of them had any dealings with a Mr. Santos (the plaintiff) in reference to this property. Said property was not shown by Mr. Santos.” The trial court also found that the defendant never in words engaged or requested the plaintiff to sell the property.
At the close of the trial the defendant duly filed six requests for rulings, the first three of which were given and the last three of which were denied. The trial court found for the plaintiff, and the defendant claims to be aggrieved by the denial of the three requests for rulings.
These were denied on the basis of the findings by the trial court that an implied contract of employment was entered into with the plaintiff by the defendant.
Requests for rulings No. 4 and No. 6 with the trial courts notation in denying them is as follows:
(4) The Plaintiff did not earn his commission by merely offering his services to the Defendants, even if the Defendants availed themselves of the information and sold the property to the broker’s customer. Mc-Keon v. Tyler, 254 Mass. 142. Denied*, as I find that the Plaintiff informed the male Defendant that he was a real estate broker, and had a customer, who, after considering the house, eventually bought the property. (6) A broker does not entitle himself to receive commission from a seller merely by introducing *124 a customer to the seller unless he is employed by the seller as the seller’s broker or agent. Cook v. Welch, 9 Allen 350. Denied, as I find that after introducing himself as a real estate broker and telling the male defendant that he had a customer, the male Defendant invited the parties in and showed them around, gave his price, and eventually sold the property with the personal property to Mr. and Mrs. Moms, the customers found by the Plaintiff.
If the plaintiff can recover he must do so by proving the existence of a contract of employment with the defendant, and to establish such a contract the plaintiff must show mutual assent manifested by one to the other which may be gathered from the words used and the acts of both parties. In the ease of O’Donnell v. Clinton, 145 Mass. 461, 463, Holmes, J., used this language:
“To lead a person reasonably to suppose that you assent to an oral arrangement is to assent to it, wholly irrespective of fraud. Assent, in the sense of the law, is a matter of overt acts, not of inward unanimity in motives, design, or the interpretation of words. See Hall v. Holden, ubi supra; Ford v. Ford, 143 Mass. 577, 578.”
And assent must be manifested though not necessarily in words; it may be by acts.
“Where a broker brings two parties together who later agree on the sale of the subject matter, the broker cannot recover a commission solely on the grounds that he brought the parties together.” Williston on Contracts, Sec. 22A Rev. Ed. (note 5).
The plaintiff should adduce facts to raise an implication of a promise to pay.
What facts can the plaintiff show in order to prove formation of the contract. After he entered the defendant’s house, that is, after he had'told the defendant he was a *125 real estate broker and had a customer and was invited in he called the defendant’s brother into the bathroom and said to him, “Don’t forget to tell your brother to allow me a commission.” The defendant’s brother’s answer is disputed, he saying it was, “You will have to see my brother about that as this is his property,” but the plaintiff said his response was, “You will get your commission.” The trial court made no finding on this conversation though it is reported in the evidence. If at this time it could be reasonably inferred and we think it can be, that the plaintiff had doubt in his own mind, no matter which answer was made, as to whether the defendant understood he was rendering services for the defendant and expected to be paid for them, thereafter he did nothing more than to pass the defendant his card on which was his name, phone number and the words “Real Estate of All Kinds.” He never made known to the defendant in words that he expected a commission.
When the defendant answered the door he knew the plaintiff from the latter’s self introduction was a real estate broker with a customer and invited them in and showed them the house and when asked his price gave it. No words of his indicated a possible employment and no other acts on his part than the above could be interpreted as giving the assent necessary for the formation of the contract. We do not believe that a reasonable interpretation of his words or his conduct is sufficient in law to impose upon him a contract of employment under the terms of which it could be found that he hired the broker to act for him in the sale of his property.
The broker does not earn his commission by offering his services to one who desires to sell and providing the seller with information that the seller acts upon in completing the sale unless he can show that he was employed to make the sale. Cook v. Welch, 9 Allen 350; Geier v. Howells, 47 Col. 345; McKeon v. Tyler, 254 Mass. 142, 144.
*126 There is no evidence that the defendant’s property was listed for sale with anyone. . There was a ‘ ‘ For Sale ’ ’ sign on the property. We think it is more reasonable to believe that the defendant should feel that the plaintiff brought a customer by whom he was employed than it is to assume that the defendant should have understood that the plaintiff expected the defendant to pay for the plaintiff’s services on the basis of an implied contract of employment.
Both requests for rulings Nos. 4 and 6 should have been given by the trial judge but the decision rests rather upon his finding that an implied contract of employment was established by the evidence. We think such a finding is error and that the error is prejudicial.
The finding of the trial judge is reversed and judgment is entered for the defendant.

 The trial court’s ruling and findings and each of the defendant’s requests for rulings are printed in italics following the request.