FRANK M. MOODY, Libellant,

*vs.*

MARY A. EGGERT MOODY, Libellee.

Cumberland.    Opinion February 9, 1920.

*Libel for divorce. Meaning and scope of phrase "utter desertion" under R. S., Chap. 65, Sec. 2. Elements necessary to establish desertion. Rule where the absence of husband or wife is assented to by the party claiming to be deserted. Rule as to filing of libel for divorce breaking continuity of desertion.*

To establish desertion as a ground for divorce, three things must concur and must be proved, viz: Cessation from cohabitation continued for the statutory period, intention in the mind of the deserter not to resume cohabitation, and the absence of the other party's consent to the separation.

If the absence is assented to by the party claiming to be deserted, it does not constitute desertion within the meaning of the law.

Where a husband filed a libel for divorce alleging extreme cruelty, cruel and abusive treatment, and utter desertion continued for three consecutive years next prior to the filing of the libel, which came to hearing and was dismissed without prejudice, his act necessarily and conclusively imported an intention not to live with his wife; her absence, if previous to the filing of the libel it had been without his consent, was so no longer.

In the present case the assent of the libellant, as shown by his overt act in filing the libel and causing it to be served, is substantiated by his positive statement to the trial Judge that he would not take back his wife to live with him, and by his neglect to reply to her letter expressing a willingness to return and asking for his reply.

The libel now before the court was filed within one year after the filing of the former libel; a request for a directed verdict in favor of the libellee upon the issue of desertion should have been granted, and exceptions to the refusal to give such instruction must be sustained.

The dismissal of the former libel without prejudice does not change the situation; the former proceedings could not be pleaded in bar to the maintenance of the present libel; but the continuity of the desertion which had been broken, was not thereby restored.

The desertion for the required period must continue to the date of the filing of the libel.

Libel for divorce. Defendant filed answer denying the several allegations contained in libel. At close of testimony, defendant filed motion asking the court to direct a verdict for the libellee upon each of the allegations contained in the libel of the libellant. This motion was denied; to which ruling defendant filed exceptions. Verdict was rendered for libellant on the ground of desertion as alleged. Defendant filed motion for new trial. Judgment in accordance with opinion.

Case stated in opinion.

*Henry Cleaves Sullivan,* for libellant.

*Frank H. Haskell,* for libellee.

SITTING: CORNISH, C. J., HANSON, PHILBROOK, DUNN, MORRILL, DEASY, JJ.

DEASY, J. concurs in result.

MORRILL, J. This libel for divorce is dated October 10, 1918, and was heard before a jury in the Superior Court of Cumberland County at the April term 1919; the alleged causes of divorce are extreme cruelty, cruel and abusive treatment, and utter desertion for three consecutive years next prior to the filing of the libel. Upon the issues of extreme cruelty, and cruel and abusive treatment, the jury found for the libellee; upon the issue of desertion the jury found that the allegation was true, and that a divorce from the bonds of matrimony ought to be granted to the libellant therefor. Upon the conclusion of the evidence, counsel for the libellee requested the presiding Justice to direct a verdict for the libellee upon each of the allegations contained in the libel, and now has exceptions to the refusal so to do.

We need only consider the exception to the refusal to direct a verdict for the libellee upon the issue of desertion. The libel alleges "that on the twenty-sixth day of December, A. D. 1912, said libellee utterly deserted your libellant without reasonable cause and has continued said desertion for three consecutive years next prior to the filing of this libel." It appears that before filing the present libel the libellant had filed two earlier libels; the first, alleging cruel and abusive treatment, was dated January 21, 1913, was returnable at the April term, 1913, of this court in Cumberland County, came on for hearing at the January term, 1914, and was then dismissed by consent and without prejudice; the second, alleging extreme cruelty, cruel and abusive treatment, and utter desertion continued for three

consecutive years next prior to the filing of the libel, was dated December 6, 1917, was returnable at the January term, 1918, of the Superior Court for Cumberland County, came on for hearing at the May term, 1918, and was dismissed without prejudice; the libellee's prayer for divorce, inserted in her answer, was denied.

It further appeared, by the testimony of the libellant at the trial of the present case, that during the former trial in the Superior Court a conference was held in the Judge's chambers with a view to a reconciliation of the parties; at that time the libellant was asked, in substance, whether or not he would take back his wife to live with him; to this question he replied, "No, distinctly no;" the libellant substantially repeated this testimony on re-direct examination.

On July 3, 1918, the libellee wrote the libellant a letter in which she said, "I am hoping and praying that you will some day take me back to live with you in our own home. . . . . I will gladly come at any time and am very sure that if you and I can only start new we can forget all the unpleasant Past and be to each other all we once were, and Frank wont you please answer this letter just as soon as you get it and give me my answer. I can't help hoping you will send for me and I am waiting for your Reply." To this letter the libellant did not return an answer.

Upon these admitted facts we are of the opinion that the requested instruction should have been given, and that a divorce should not be granted for the cause of desertion.

"Utter desertion, continued for three consecutive years next prior to the filing of the libel," was made a ground for divorce by Public Laws of 1883, Chapter 212. We apprehend that the word "utter" is used in its ordinary acceptation, "entire and complete, absolute, total;" utter desertion involves "an abnegation of all the duties and obligations resulting from the marriage contract." *Southwick* v. *Southwick*, 97 Mass., 327. *Stewart* v. *Stewart*, 78 Maine, 548.

To establish desertion three things must concur and must be proved; these are cessation from cohabitation continued for the statutory period, intention in the mind of the deserter not to resume cohabitation, and the absence of the other party's consent to the separation. The authorities are collected in the notes to *Pfannebecker* v. *Pfannebecker*, (Iowa), 119 Am. St. Rep., 618, and *Hudson* v. *Hudson*, (Fla.), 138 Am. St. Rep., 146.

If the absence is assented to by the party claiming to be deserted, it does not constitute desertion within the meaning of the law; the word "desertion" imports that the absence is without the consent of the party deserted; a desertion consented to is not a desertion. *Lea* v. *Lea*, 8 Allen, 418. *Ford* v. *Ford*, 143 Mass., 577. "But", as said by Mr. Justice Holmes in the case last cited, "we apprehend that 'without the consent' means without the manifested consent, and that the undisclosed emotions of the deserted party do not affect his rights. . ·. . . So, when a wife leaves her husband, he may be glad to be rid of her, but may stand upon his rights and give her a home as long as she will accept it. Of course, proof that he entertained the feelings supposed might make it hard to believe that he did not show them, and thus express his consent to the separation, for the consent can be expressed by conduct as well as by words."

When the libellant filed his former libel in the Superior Court and caused service to be made on the libellee, his act necessarily and conclusively imported an intention not to live with her; the absence of the libellee, if previous to that time it had been without his consent, was so no longer. "Assent, in the sense of the law, is a matter of overt acts, not of inward unanimity of motives, design, or the interpretation of words." *O'Donnell* v. *Clinton*, 145 Mass., 461, 463. He might have felt justified in his action by the acts of cruelty, and cruel and abusive treatment, which he alleged against his wife; but the desertion was at an end; the absence of the wife did not constitute desertion, although the assent might have been justified. He, in effect said to her, that in the past he had overlooked her acts of cruelty and abusive treatment, and wished her to come back, but that now he was unwilling for her to return, and claimed his right to a decree of divorce.

In this case the assent of the libellant, as shown by his overt act in filing the former libel and causing it to be served, is substantiated by his positive statement to the trial Judge that he would not take back his wife to live with him, and by his neglect to reply to her letter of July 3.

The dismissal of the former libel without prejudice does not change the situation; the former proceedings could not be pleaded in bar to the maintenance of this libel; but the continuity of the desertion which had been broken, was not thereby restored. The desertion for the required period must continue to the date of filing the libel.

Upon the undisputed facts it must be held as a matter of law that a divorce cannot be granted for the cause of utter desertion continued for three consecutive years next prior to the filing of the libel. *Ford v. Ford,* supra. *Najjar* v. *Najjar,* 227 Mass., 450.

*Exceptions sustained.*