Morris Booke, Plaintiff, v. Tillie Booke, Defendant.

Supreme Court, Special Term, Queens County, May 10, 1955.

*Harry Wellish* for plaintiff.

*James E. Bennet* for defendant.

COLDEN, J. Plaintiff husband seeks a judgment of separation from his wife, and the latter counterclaims for similar relief.

The parties were married on August 13, 1932, in the borough of Brooklyn, city of New York. At that time both were members of the Jewish faith and the marriage ceremony was solemnized by a clergyman of that faith. No children were born of this union. Some years later, through an arrangement with the Jewish Child Care Association of New York, the parties obtained the custody of an infant girl with a view of adopting her. This adoption ultimately took place in January, 1947, in the Surrogate's Court, Queens County. The adoption agreement made with the association affirmed the fact that both the foster parents and the child were of the Jewish faith and it was provided that the child was to be brought up, trained and educated in that faith.

Six years later in 1953, the defendant embraced a Christian faith. She has interested her daughter, now fifteen years of age, in this faith, with the result that she, like her mother, has abandoned the Jewish faith.

We recognize, of course, that in this land of religious liberty, one may quite properly change his or her religious faith, if he chooses. Accordingly, conversion to another faith by one spouse cannot be deemed sufficient, standing alone, to justify a decree of separation. The instruction, by the mother of the child, in

another faith, however, is a matter which could well have been deferred until she arrived at an age of understanding, especially in view of the covenants made in the adoption proceedings. In *Martin* v. *Martin* (308 N. Y. 136, 139), our Court of Appeals recognized the right of a boy of twelve years who " was old enough to testify intelligently " to make his own choice of religion even though his choice is contrary to a judgment of this court. So the right of the child in this case, presently fifteen years of age, to change her religious faith must be recognized by this court.

The defendant, however, has quite effectively brought an end to the home life of the parties. She refused to live at the residence provided by the plaintiff at an address reasonably adjacent to his place of employment. She removed from their home part of the housekeeping equipment and insisted that if the parties resided together, it must be in a household of her choosing. Upon plaintiff's failure to comply with her edict, she and their daughter moved away.

In addition, the plaintiff permitted the defendant to deposit in her name substantial sums of money, which she thereafter claimed as her own. In connection with plaintiff's efforts to reach her by telephone, the defendant quite unjustifiably caused a Magistrate's Court summons to be issued against him, and endeavored to enlist the aid of the District Attorney's office in connection with her claim to a bank account. She has engaged in a course of conduct which has been cruel to the plaintiff and has caused him to lose the home life which he endeavored to create, and the day by day companionship of the daughter who meant so much to him.

Plaintiff is accordingly granted a judgment of separation on the merits, and the defendant's counterclaim is dismissed on the merits, for her failure to establish it by a fair preponderance of the credible evidence. Plaintiff will, of course, still remain responsible for the support of his daughter, and is directed to pay for that purpose the sum of $15 per week. The plaintiff is entitled to reasonable visitation with his daughter. In view of her age, that can best be done by agreement of all concerned. However, if the parties cannot reach an agreement, they should make their wishes known to the court, to permit it to determine that issue in the findings and judgment which are to be settled on two days' notice.