Louis B. Heller, J.
In this action for divorce for alleged adultery, plaintiff husband moves to amend his complaint to add two causes of action under subdivisions (1) and (5) of section 170 of the Domestic Relations Law. Defendant cross-moves to dismiss for lack of prosecution.
The action was commenced by service of a summons and complaint on January 15, 1963 for alleged adultery by defendant on December 14,1962. The matter has never been noticed for trial. There is no allegation or proof to show that defendant has served a 45-day written demand as a prerequisite to this application in conformity with CPLR 3216. The motion to dismiss for lack of prosecution must therefore be denied (Terasaka v. Rehfield, 28 AD 2d 1011).
The proposed amendments to add a second and third cause of action by plaintiff are both based upon newly added grounds under the divorce reform law. Cause of Action No. 2 is ostensibly under subdivision (1) of section 170 of the Domestic Relations Law for cruel and inhuman treatment in that defendant has committed adultery as alleged in the original first cause of action ‘ ‘ commencing with December 14, 1962 up to the present time.” Cause of Action No. 3 is based upon subdivision (5) of section 170 of the Domestic Relations Law, the so-called “ convertible ’ ’ ground, and asks for a divorce for the reason that the parties have been living separate and apart for a period of two or more years pursuant to a decree of separation made in this court March 10, 1958 in an action in which the wife was the plaintiff.
Cause of Action No. 2 for cruel and inhuman treatment is grounded essentially upon the same alleged act of adultery on December 14,1962 set forth in the first cause with the added fillip that the defendant “ consistently continues to commit the same as aforesaid ’ ’. With certain exceptions not pertinent here, section 210 of the Domestic Relations Law bars use of any ground which arose more than five years before the date of the commencement of an action for divorce or separation. While the rule in Harriss v. Tams (258 N. Y. 229) has been largely supplanted by CPLR 203 (subd. [e]), I seriously doubt whether the revision is applicable here. It is inconceivable that the original pleading would ‘ ‘ give notice ” of a change in matrimonial laws which would make cruel and inhuman treatment a proper ground for divorce. While liberality is allowed in pleading a complaint grounded on adultery “if it apprises the defendant of the charge against him with sufficient clarity to allow him to disprove *78 it ” (Grossman, N. Y. Law of Domestic Relations, p. 396), particularly where a course of conduct is pleaded (Plucer v. Plucer, 8 A D 2d 713), I cannot accept a pleading which takes as a point of departure misconduct which is past the statutory limitation, qualified only by a vague assertion that defendant ‘ ‘ consistently continues to commit the same as aforesaid.” OPLR 3025 prescribes liberality in amendment of a pleading unless it is “ palpably insufficient ” (see 3 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 3025.15; Sonshine v. Rector, N. Y. L. J., Oct. 20, 1965, p. 19, col. 5; cf. Jacobs v. Jacobs, N. Y. L. J., Dec. 13, 1967, p. 20, col. 1). Plaintiff in making this application relies upon recent decisions of this court which have permitted retroactive application of the divorce reform laws (Yoli v. Yoli, 55 Misc 2d 416; Smith v. Smith, 55 Misc 2d 172). I am not persuaded that this is a matter in which the court’s discretion should be similarly exercised.
There is an added factor here which I deem of at least equal importance. Although the application to dismiss for lack of prosecution must be denied for failure to comply with CPLR 3216, the fact still remains that plaintiff is chargeable with gross laches in failing to prosecute this matter with any slightest degree of diligence. The excuses offered for failure to do so are flimsy and will not bear examination. I cannot see how the ends of justice will be served by permitting this dilatory suitor to take advantage of statutory remedies enacted approximately five years after his cause allegedly accrued. That would be a reward that is denied to more diligent parties.
With respect to the proposed cause of Action No. 3, resting on the convertible separation decree, section 15 of chapter 254 of the Laws of 1966 (divorce reform laws), states: “ This act shall take effect September first, nineteen hundred sixty-seven provided that the two year period specified in subdivisions five and six of section one hundred seventy of the domestic relations law as added by this act shall not be computed to include any period prior to September first, nineteen hundred sixty-six ’ ’. In my view this provision bars commencement of any action on these convertible grounds prior to September 1,1968 in any event and accordingly, plaintiff’s attempted amendment is premature. As to whether such a separation decree as here made prior to September 1, 1966 may be the proper base for an action under subdivision (5) of section 170 of the Domestic Relations Law I make no ruling at this time.
For all of the reasons above set forth, the plaintiff’s motion to amend and defendant’s motion to dismiss are denied in all respects.