Louis B. Heller, J.
In this action for divorce because of the alleged abandonment of plaintiff wife by her husband, defendant moves to dismiss the complaint for insufficiency pursuant to CPLR 3211 (subd. [a], par. 7). The action is based upon a newly added cause for divorce under subdivision (2) of section 170 of the Domestic Relations Law: “ The abandonment of the plaintiff by the defendant for a period of two or more years.”
In an action heretofore instituted by the wife on September 22, 1965 in Supreme Court, Kings County, a judgment was entered on March 14, 1966 which provided in part: ‘ ‘ ordered, adjudged ahd decreed that the plaintiff grace carollo be and she hereby is separated from the bed and board of the defendant Joseph carollo, jr. forever as prayed for in the complaint herein because of the cruel and inhuman treatment of the plaintiff by the defendant ”. The parties have since been living separate and apart. It is defendant’s contention that a marital alienation which is sanctioned and directed by such a judicial fiat cannot be logically construed as “ abandonment ”. Plaintiff bases the claim of abandonment on allegations that defendant left plaintiff on September 3, 1965, 19 days prior to commencement of that action and approximately six months prior to the entry of the decree.
No divorce for abandonment was available in New York prior to September 1, 1967. With the advent of the Divorce Reform Law (L. 1966, ch. 254) complex questions have arisen and undoubtedly will continue to arise. Some of the problems stem from imperfect and hastily drawn legislation which we prayerfully look to our Legislatüre to correct.
This court has already indicated that it looks with favor upon retrospective treatment of the new legislation where pos *1014 sible without inequitable results (Yoli v. Yoli, 55 Misc 2d 416; Smith v. Smith, 55 Misc 2d 172). One of the questions posed here is whether a claim of abandonment existing prior to the action for separation, which was based upon cruel and inhuman treatment, survives and may now be the basis for a new action for divorce. Assuming that there was no merger or estoppel for failure to assert the claim of abandonment in the prior action (see Lepastat v. Lepastat, 225 N. Y. S. 2d 630; Murdoch v. Murdoch, 148 App. Div. 564; Leahy v. Leahy, 208 Ore. 659) and assuming further that defendant’s departure from the marital abode on September 3, 1965 satisfied every requirement necessary to support a charge of abandonment, the period of abandonment to the date of the commencement of the action on September 22, 1965 still falls far short of the two-year period required under subdivision (2) of section 170. There is good authority too for the proposition that the time during the pendency of the separation action until entry of the decree ought not to be computed to fulfill the necessary statutory period of desertion (see Ewing v. Ewing, 16 Cal. 2d 208; Young v. Young, 152 Fla. 712; Moody v. Moody, 118 Me. 454).
To indulge plaintiff’s claim of desertion, we are left then only with the period following the separation decree. There are difficult problems to be resolved in such a situation. In our own State, People ex rel. Comrs. of Public Charities v. Cullen (153 N. Y. 629) involved a conviction of a husband for abandonment after a judicial decree of separation obtained by the wife. The Court of Appeals reversed the conviction and ordered the defendant discharged with the following observation: ‘ ‘ After a judicial separation at the suit of the wife the relation is so far terminated or suspended that the husband cannot be guilty of abandonment or desertion in any legal sense [p. 635] * * *. The statute was never intended to apply to a case like this, where the obligations of the marital contract have been modified by a decree of the court, and where the defendant is guilty of no act except to obey the decree, [p. 636] * * * When they have been separated by the judgment of a court for the misconduct of the husband, it is true that the obligation of the husband is not wholly terminated, but it assumes another form and rests upon different principles. Their duties and obligations towards each other during the separation are just what the court may have prescribed, and no other. Those implied from the actual existence of the marriage relations have ceased or are suspended, and the provisions of the decree of a court of equity have been substituted in their place [p. 637].”
*1015 There is however a very basic distinction between the Cullen case above quoted and this instant case. Cullen is essentially a criminal prosecution involving a different measure of proof. Keely v. Keely (28 Misc 2d 955), a case arising in this court, is also not directly in point. It involved an action for separation by a wife following an order of the Family Court which directed the husband to remove from the marital residence. The court stated: “ In these circumstances, the husband’s departure from the marital home was not voluntary even if the wife’s testimony is to be believed that she did not request the Judge to oust him ”.
I am sympathetic to the plight of a plaintiff who has obtained a separation decree prior to the effective date of our Divorce Reform Law and who is now relegated to a state of suspended animation which denies her both the pleasures of marital coexistence and the opportunities of an unmarried person. A case which has been widely cited and quoted, Kunze v. Kunze (153 Minn. 5, 8, see Ann. 25 A. L. R. 1045), involved as here an action for divorce for abandonment following a decree of separation for cruel and inhuman treatment. The court acknowledged the general rule which was in fact followed theretofore in that State that a separation sanctioned by a decree of a court could not normally be a ground for a claim of abandonment (see Weld v. Weld, 27 Minn. 330), but found as follows: “We hold that though there is a decree of separation obtained by the wife because of the cruelty of the husband, which reserves certain marital duties, the complete abandonment by the husband of his wife and the repudiation of the marital obligations which he still owes her may constitute desertion, and where by the decree of separation the husband is required to contribute to the wife’s support, his failure to perform that obligation, his departure and absence for a period of eight years, thus placing himself beyond the reach of reconciliation and beyond the jurisdiction of the court, may constitute wilful desertion within the meaning of our statute.”
However, the circumstances shown in the case before me do not fall within the factual situation disclosed in the Kunse case. Whether this court will entertain an action similar to Kunse is a question I must reserve for determination when the issue is presented. A further and jurisdictional objection here is that the period of abandonment following the decree of separation until the commencement of this action is less than the two years required by subdivision (2) of section 170 of the Domestic Relations Law, even if we “ tack on ” the alleged desertion period antedating the commencement of the separation action (Leahy v. Leahy, 208 Ore. 659, supra).
*1016 Plaintiff has requested leave to plead over if this motion be granted. In the circumstances here shown, such leave would be pointless.
The motion to dismiss is granted.