James H. O’Connor, J.
The plaintiff in this action for divorce moves this court for an order, presumably pursuant to CPLR 3211 (subd. [b]), to dismiss the first, second and third affirmative defenses interposed in the defendant’s answer upon the ground that a defense is not stated in any of the said affirmative defenses.
The action was commenced on July 10, 1968 by the service of a summons with notice upon the defendant personally. A certificate of no necessity for further reconciliation procedures was granted on August 14, 1968 by the Conciliation Commissioner. Prior thereto a notice of appearance was filed by the defendant’s attorney and on September 3, 1968 a complaint was served to which the answer here in question was interposed. The complaint alleges in substance that the plaintiff and the defendant have lived separate and apart pursuant to a decree of separation granted by the Supreme Court of the State of New York dated March 1, 1965 and recorded in the Oneida County Clerk’s office on April 19, 1965. The present action is based upon section 170 of the Domestic Relations Law of the State of New York wherein the plaintiff claims that he is entitled to an absolute divorce since the parties have been living apart pursuant to a decree of separation for a period of more than two years after the granting of the afore-mentioned decree.
The first affirmative defense simply states that the parties have not lived separate and apart pursuant to the terms of a *238 decree of separation for a period of two years prior to September 1, 1968 and at the time of the commencement of this action. The second affirmative defense alleges in substance that the decree of separation previously granted was granted to the defendant and was based on the plaintiff’s own wrongdoings in that he had abandoned the defendant herein. Said defense claims that the plaintiff cannot now gain an advantage by stripping the defendant of her rights of survivorship to jointly owned property and expunging any rights or interests said defendant wife may have in the plaintiff husband’s estate upon his demise. In effect, the second affirmative defense is seeking to test the constitutionality of section 170 of the Domestic Eelations Law, which if applied under the instant facts, would seem to deprive a successful plaintiff in a separation action of certain property rights in a subsequent divorce action grounded upon a two-year separation, founded upon the prior decree. There is no case which has reached this point among the multitudinous decisions which have followed the recent amendments of the Domestic Eelations Law relative to the liberalized grounds for divorce.
The third affirmative defense states that the plaintiff in this action must come into court with clean hands and since he was a defendant in the prior separation action he cannot do so. In effect this defense attempts to test the underlying social philosophy behind the current amendments to the divorce law.
In regard to the second and third affirmative defenses there has been considerable criticism of a procedure which can convert an innocent, victorious party into a defendant with consequent loss of estate and survivorship rights. This issue was touched upon in Yoli v. Yoli (55 Misc 2d 416, 418, 419) but the court in that ease did not rule on the constitutionality of that issue but solely on whether or not the retroactive application of subdivision (1) of section 170 would be unconstitutional. (See, also, New York County Lawyers’ Association, Report of Special Committee on Matrimonial Law. Bar Bulletin of N. Y. County Lawyers’ Assn., vol. 24, No. 2, p. 65; Comparison and Critique of Proposed Amendments to the Divorce Reform Law; Foster and Freed, N. Y. L. J. March 29, 1967, March 30, 1967.)
As anxious as the court is to render a decision upon the constitutionality of subdivision (5) of section 170 of the Domestic Eelations Law as applied to the instant facts, unfortunately the court cannot render its decision upon that issue, since the instant action now before this court has been prematurely commenced.
*239 Subdivision (5) of section 170 lists one of the six grounds for divorce under our amended Divorce Law. It states as follows: “ (5.) The husband and wife have lived apart pursuant to a decree or judgment of separation for a period of two years after the granting of such decree or judgment, and satisfactory proof has been submitted by the plaintiff that he or she has substantially performed all of the terms and conditions of said decree or judgment.”
Section 15 of chapter 254 of the Laws of 1966 states: ‘1 This act shall take effect September first, nineteen hundred sixty-seven provided that the two year period specified in subdivisions five and six of section one hundred seventy of the domestic relations law as added by the act shall not be computed to include any period prior to September first, nineteen hundred sixty-six ”.
In Garelick v. Garelick (56 Misc 2d 76) wherein the plaintiff husband moved in a divorce action to amend his complaint to add causes of action under subdivisions (1) and (5) of section 170 of Domestic Relations Law, the court denied the proposed amendments on various grounds among which was the fact that section 15 of chapter 254 of the Laws of 1966 bars the commencement of any action on the so-called convertible grounds prior to September 1, 1968.
In Matter of Curatolo (52 Misc 2d 31) the court was called upon to construe subdivisions (5) and (6) of section 170 of the Domestic Relations Law as to its applicability to so called ‘‘ old ’ ’ decrees and agreements which were effectuated prior to the enactment of the amendments. The court held that the Legislature intended that the new law was to apply to “ old ” and “new” decrees and agreements, but the “old” must wait at least two years from September 1, 1966. (See, also, Rosenbaum v. Rosenbaum, 56 Misc 2d 221, 225.)
Applying these principles to the facts before the court on the instant motion it is clear that the plaintiff could not have commenced an action on the convertible grounds of living apart pursuant to a decree of separation until September 1, 1968. He did so on July 10, 1968, clearly an immature institution of a divorce action upon the ground set forth in subdivision (5) of section 170.
It is clear, further, on a motion to dismiss pursuant to CPLR 3211 (subd. [c]) that the court may treat a motion to dismiss a defense under CPLR 3211 (subd. [b]) as a motion for summary judgment and decide said motion accordingly.
Therefore, it is this court’s decision that the plaintiff’s motion to strike the affirmative defenses be denied and further that the *240 plaintiff’s complaint be dismissed since the action based thereupon is premature. The plaintiff may however decide to commence a new action at the present time and the dismissal of his complaint on this motion should not be construed as a dismissal on its merits.