Leon D. Lazee, J.
This divorce action by husband against wife is predicated on the defendant’s alleged refusal to move with him from Valley Stream in Nassau County to Westhampton Beach in Suffolk County when the plaintiff found it necessary to make the move. The parties were married in 1955 and there is one issue of the marriage, a 15-year-old boy who lives with his mother at the former marital abode in Valley Stream. In 1970 plaintiff, then employed by the Air National Guard at Floyd Bennett Field, was faced with the announcement that the facility would be closed down and his job transferred to the Westhampton Air Base at the east end of Suffolk County. To encourage such moves, Air Force Department policy provided reimbursement to employees for moving expenses, including real estate commissions, attorney’s fees and other costs. The evidence demonstrates that the plaintiff repeatedly importuned the defendant to sell the Valley Stream dwelling and to move east with him. Although the defendant denied that these repeated requests were made, it was clearly her belief that the move was not in the interests of the son who she claimed was sickly and for whom a school transfer would be unpleasant. No expert testimony as to the potential ill effect the move would have on the boy was offered and he did not appear at the trial.
The doctrine of Fox v. Fox (17 Misc 2d 998, affd. 17 A D 2d 939) remains the rule in this State (see Schine v. Schine, 31 N Y 2d 113) and it is still a wife’s burden to move with her husband to a location selected by him in good faith. While the winds of change may shortly impose new strictures upon the Fox doctrine, it remains reasonable if it relates to the husband’s employment as the sole support of the family. A wife’s refusal to join her husband in such a move constitutes constructive abandonment (Fox v. Fox, supra; Booke v. Booke, 207 Misc. 999, mod. 1 A D 2d 782) but not cruel and inhuman conduct (Booke v. Booke, supra). Plaintiff’s claim that it affected his health does not rise to the status of cruel and inhuman conduct (see Hessen v. Hessen, 33 N Y 2d 406) and that cause of action is not sustained.
The difficulty with plaintiff’s cause of action for abandonment is jurisdictional. The parties separated on July 16, 1972 when the plaintiff moved east and this action was commenced on November 30,1972 four and one-half months later. Subdivision (2) of section 170 of the Domestic Relations Law requires that a divorce action based upon abandonment not be instituted until one year after the abandonment has taken place. In this case, the issue of the prematurity of the action was raised neither in the pleadings nor during the trial, but only in the post-trial memorandum of law. Plaintiff’s surprised response is that *197 equity speaks as of judgment day and that the trial itself was commenced more than a year after the abandonment.
It is a fundamental principle of law that the right to divorce is purely statutory (Liebling v. Liebling, 76 Misc 2d 465; Bishop v. Bishop, 62 Misc 2d 436; Hilliard v. Hilliard, 25 Ill. App. 2d 468). New York State did not accept abandonment as a ground for divorce until 1967 (L. 1966, ch. 254), long after every other jurisdiction had enacted such legislation. The New York statute was originally designed by its drafters to permit divorce by reason of abandonment ‘ ‘ only where [the abandonment] has continued for a period of two years or more, thus, demonstrating to the state that the marriage is now a mere legal formality which condemns the innocent party to a life of either unwanted celibacy or concubinage.” (1966 Rep. Joint Legis. Committee on Matrimonial and Family Laws, N. Y. Legis. Doc., 1966, No. 8, p. 87.) The time required for such demonstration was reduced to one year in 1970 (L. 1970, ch. 835). A waiting period in an abandonment statute is intended to encourage reconciliation (Kronman v. Kronman, 129 Cal. App. 10) and the full statutory period should be available for return by the abandoning spouse (Ellis v. Ellis, 115 Neb. 685). The offense is not complete until the period has expired (Fitzgerald v. Fitzgerald, 66 N. J. Super. 277) and the cause of action exists only if the abandonment has continued for the full statutory period prior to the commencement of the action (Davidian v. Davidian, N. Y. L. J., Feb. 14, 1972, p. 22, col. 2; Ewing v. Ewing, 16 Cal. 2d 208; Plunkett v. Plunkett, 304 Ill. App. 594; Hilliard v. Hilliard, 25 Ill. App. 2d 468, supra; Lederer v. Lederer, 95 N. J. Eq. 558; Mikecz v. Mikecz, 95 N. J. Eq. 39; Hartpence v. Hartpence, 121 A. 513 [N. J.]; Totino v. Totino, 176 Pa. Super. Ct. 108; see, also, Keil v. Keil, N. Y. L. J., April 8, 1974, p. 17, col. 8; Greco v. Greco, 58 Misc 2d 237; but, see, Hemenway v. Hemenway, 65 Vt. 623). The complaint itself must contain the necessary allegation (1 Foster and Freed, Law and the Family, New York, § 5:33) and if the period is less than that required by statute the defect is jurisdictional (see Carolla v. Carolla, 56 Misc 2d 1013). The time period is a vital and operational fact (cf. Gleason v. Gleason, 26 N Y 2d 28) and, lacking common-law jurisdiction over the subject matter, the courts must act within the limits conferred by statute (see Grouchy. Grouch, 193 App. Div. 221).
Defendant’s failure to raise the time issue until after the trial is not fatal. She could not have stipulated to waive it and she may not be deemed to have waived it by her silence. Subject matter jurisdiction cannot be conferred by consent or stipula *198 tion or waiver or estoppel (Robinson v. Oceanic Steam Nav. Co., 112 N. Y. 315; Revona Realty Corp. v. Wasserman, 4 A D 2d 444, app. dsmd. 5 NY 2d 931; David D. Siegel, Practice Commentary, McKinney’s Cons. Laws of N. Y., Book 7B, CPLR 3211, C3211:11; 21 N. Y. Jur., Estoppel, Ratification and Waiver, § 92; 1 Carmody-Wait 2d, New York Practice, § 2:80). Objection to such jurisdiction may be raised at any stage of the action and the court may ex mero motu dismiss the action at any time when its attention is called to the facts (Robinson v. Oceanic Steam Nav. Go., supra). The complaint must therefore be dismissed even though the plaintiff otherwise sustained the burden of proof necessary to establish an abandonment, considering the distances involved and his multiple employment.
The dismissal, of course, does not preclude an award for alimony and support (Domestic Relations Law, '§ 236). The plaintiff earns a gross salary in excess of $12,000 from his Air National Guard employment and in 1973 received over $7,000 in commissions from his part-time employment as a real estate salesman. While it is anticipated that the latter income will decrease due to conditions in his specialized field, he certainly is in a position to pay weekly the sum of $75 to support his wife and $50 to support his son. There is no believable reason why the wife cannot earn the additional amounts that are necessary for her support by obtaining employment of her own.